GEORGE HERMANN v. GEORGE REYNOLDS.

1. CONTRACT—RIGHT TO LAND.—A right to land guaranteed by the Constitution and laws, though it be neither real nor personal property *in esse,* may be the subject of contract.
2. SALE OF LAND CERTIFICATE.—A sale of a land certificate conveys the equitable title to the land on which it is subsequently located.
3. POWER OF ATTORNEY—EQUITABLE TITLE.—A sale under a power of attorney investing the agent with authority to sell the bounty claims of the principal, "or any land that may be secured thereby," vests such equitable title in the purchaser as will enable him to maintain trespass to try title to recover the land, as against a trespasser.
4. DISTINGUISHED.—This case distinguished from Johnson v. Newman, 43 Tex., 628.
5. CASE APPROVED.—Keyes v. Railroad Co., 50 Tex., 174, approved.

ERROR from Nueces.    Tried below before the Hon. John C. Russell.

Suit in the District Court of Nueces county, in trespass to try title, for a tract of four hundred and eighty acres of land, situated in Nueces county, patented in name of John Onery by virtue of bounty warrant for that amount of land.

Trial at the Spring Term, 1879, of the District Court of

Nueces county, by the judge, without a jury, and a judgment rendered in favor of the defendant, Reynolds.

The evidence showed that John G. Onery, generally known as John Onery, was a soldier of the Texas army; that he received two bounty warrants for four hundred and eighty acres each; these were placed in the hands of John Graham for location, and the land in question was surveyed by virtue of one of the bounty warrants.

On May 3, 1847, John Onery executed a power of attorney to John Hermann, authorizing him, amongst other things, to dispose of these two bounty claims. On March 10, 1849, John Hermann, as attorney in fact, conveyed two bounty warrants to George Hermann, the plaintiff. The land in Nueces county, surveyed by virtue of one of these warrants, was patented to John Onery on October 11, 1848.

The only evidence offered on the part of Reynolds was a deed from Margaret Menly. There was no claim of any title in Mrs. Menly.

The court below held that the transfer was not sufficient to convey land which had been patented by virtue of the warrant, and rendered judgment for the defendant, on the ground that the plaintiff had not shown title in himself.

*McCambell & Givens*, for plaintiff in error.—The land, when located, belongs to the owner of the certificate. (Keyes *v.* Houston and Great Northern Railroad Co., 50 Tex., 174; Walker *v.* Howard, 34 Tex., 506; 31 Tex., 454.)

*F. E. McManus*, for defendant in error.

I. The evidence offered by the plaintiff to sustain his claim does not correspond with the allegations of his petition, and, being incompetent to sustain the issue in his behalf, the District Court did not err in disregarding it.

II. The sale of a bounty claim by an agent, whose authority to sell it had been previously revoked and superseded by the act of his principal in converting the claim into land, is not

evidence of a sale of land, and the District Court did not err in so regarding it. (Guffey v. Moseley, 21 Tex., 410; Cuney v. Dupree, 21 Tex., 218; Parker v. Beavers, 19 Tex., 410; Oliver v. Chapman, 15 Tex., 403; Van Alstyne v. Bertrand, 15 Tex., 179; Young v. Epperson, 14 Tex., 618; Johnson v. Newman, 43 Tex., 628.)

A glance at the date of the deed under which the plaintiff sets up claim to the land, (even if it were subject to no other objection,) will show that it was made by virtue of the power of attorney from Onery to John Hermann, dated five months after that power had been revoked and superseded, as to one of the bounty claims at least, by Onery causing a patent to be issued in his own name for four hundred and eighty acres of land, thus converting, as he had a right to do, his personal chattel into real estate.

There is no evidence that John G. Onery, who constituted John Hermann his attorney, and under whom the plaintiff claims the land in dispute, is the identical John Onery in whose favor the patent for land in Nueces county was granted. But, even admitting his identity for a moment, that fact would not aid the case made out by the plaintiff. He never divested himself of the right to revoke his power of attorney and supersede the agent he had appointed by it.

At the time of the transfer to plaintiff, the bounty claim had been discharged to the true owner. It had been extinguished, and no longer had existence as a claim. When the plaintiff supposed he bought it, he bought nothing. Nor does it appear that Onery ever parted with his right to the property, or any part of it, to the plaintiff. He had conveyed no interest in it to John Hermann, his attorney in fact; the latter had no lien on it. It was personal property, and if such lien existed, could only exist through actual possession. The power of attorney was revocable at any moment, at the option of Onery. He exercised that option so far as the bounty claim was concerned, and he had a right to do so.

The language of the power of attorney is "bounty claims."

Had the claims been converted into land warrants, in the possession of Onery, at the date of the power of attorney, it was easy to identify them by that name, as well as by number and date. . They would then have passed by delivery, and the plaintiff have occupied a different position from the one he now stands in. But even in that event it is not easy to see how he could prevail in a suit for the land in question, in view of the decision in Johnson *v*. Newman, where, although there was a violation in bad faith of a previous contract, (neither of which elements exists in this case,) the court sustained the second sale, because it was not shown that the second purchaser had notice of the first sale.

BONNER, ASSOCIATE JUSTICE.—On January 11, 1841, the government of Texas issued to John Onery a warrant for four hundred and eighty acres of land.

On May 3, 1847, a power of attorney, signed by John G. Onery, was executed to John Hermann, by which he was authorized to sell for his principal any real estate to which he held title in Texas, including, with other described property, two bounty claims for four hundred and eighty acres each, granted him by the government of Texas, " or any land that may be secured thereby."

On March 10, 1849, John Hermann, purporting to act under this power of attorney, made conveyance to George Hermann, the plaintiff in error, besides certain lands therein described, of two bounty claims for four hundred and eighty acres each, granted to John G. Onery by the government of Texas.

On October 11, 1848, subsequent to the execution of this power of attorney, and previous to the above conveyance thereunder to George Hermann, a patent issued to the land in controversy to John Onery by virtue of warrant number 9,727, of date January 11, 1841.

George Hermann, claiming this land under the above conveyance, on August 22, 1878, instituted this suit of trespass to try title against George Reynolds, defendant in error, who was

in possession and claimed the same by deed from Margaret Menly, of date November 18, 1876.

There was no privity shown between Margaret Menly or defendant in error and John Onery.

On the trial below, judgment was rendered in favor of defendant Reynolds.

The only question presented for our consideration is, whether plaintiff, George Hermann, shows in himself a sufficient title to recover against defendant Reynolds.

It has been repeatedly decided by this court that a right to land guaranteed by the Constitution or laws of Texas, though neither real nor personal property *in esse*, was, nevertheless, such character of right or interest as to be the subject-matter of contract. (Johnson v. Newman, 43 Tex., 639, and authorities cited.) It has also been decided that a sale of the certificate or warrant for land would convey the equitable title to the land which might subsequently be located by virtue thereof. (Keyes v. Railroad Co., 50 Tex., 174.)

We are of opinion that, under the terms of the power of attorney in this case, authorizing John Hermann to sell the bounty claims, "or any land that may be secured thereby," as between his vendee, the plaintiff, George Hermann, and Onery, the principal in the power, who is not heard to complain as to the fairness of the sale, or to object thereto for want of authority, the conveyance passed such equitable title at least to the plaintiff as would authorize this suit against defendant Reynolds. (Paschal's Dig., art. 5303.)

The defendant does not, as in Johnson v. Newman, 43 Tex., 628, claim by purchase of the legal title from Onery, the grantee of the warrant, without notice of the prior equity of plaintiff, but claims under deed from a stranger not in privity with Onery.

The *prima-facie* case made in the record by the plaintiff, that John Onery and John G. Onery were the same person, was not rebutted by the defendant.

We are of opinion that, under the evidence, the court erred

in rendering judgment for the defendant; for which the same is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered January 18, 1880.]