## HAMPTON v. MOORHEAD.

1. **Attorney in Fact**: POWER TO SELL LAND IS NOT POWER TO EX-CHANGE. Where defendant gave to another a power of attorney to sell certain land, and the attorney disposed of the land to plaintiff for a certain amount of money and a patent right, *held* that the transaction was beyond the power of the attorney, and did not bind defendant to make a conveyance pursuant to the sale; and, in an action for specific performance and general relief, the court properly refused to decree a specific performance, but it was error to make the amount paid to the attorney a lien upon the land, since the money never came into the hands of defendant.

2. **Practice**: BILL OF EXCEPTIONS: REPORTER'S NOTES. Where the original notes of the short-hand reporter are by reference incorporated into a bill of exceptions, the record is in substance complete, so far as the evidence embraced therein is concerned, and that whether the reporter's notes have been certified to by him or not. They will be presumed to have been filed. If a long-hand extension of the notes becomes necessary, it is not for the purpose of completing the record, but only for the purpose of making the completed record intelligible.

3. **Practice in Supreme Court**: ABSTRACTING EVIDENCE: PRESUMPTION IN FAVOR OF ABSTRACT. The appellant may set out the evidence in his abstract from memory, or from his own notes; and if appellee does not controvert the correctness of such abstract it will be taken as true, and all questions concerning the reporter's notes and an extension thereof will become immaterial, and the case will be determined upon the evidence as set out in the abstract.

*Appeal from Henry District Court.*

FRIDAY, OCTOBER 19.

ACTION in equity for specific performance and for general relief. The plaintiff avers that he purchased of the defendant, Thomas L. Moorhead, through his attorney in fact, J. W. Moorhead, certain land in Henry county, for the agreed price of $4,750, and paid $4,500, and was to pay the "balance when a deed should be delivered; that he has offered to pay the balance and has demanded a deed, but that the defendant has refused to execute it."

The defendant for answer denies that he ever sold the land

Hampton v. Moorhead.

to the plaintiff, or any part thereof, and denies that he ever
received anything from the plaintiff for said land.    Before
the trial, the defendant died, and his sole heir, Eliza Moor-
head, and his admistrator, J. A. Moorhead, were substituted.
Upon the trial the court found that the plaintiff purchased the
land as alleged, and paid $2,000 in cash, and made an assign-
ment of a certain patent right.    The court refused, under the
peculiar circumstances shown, to decree a specific perform-
ance, but decreed that the amount paid should be made a lien
upon the land, and that the patent right should be reassigned.
The defendants appeal.

   *Amblers & Campbell,* for appellants.·

   *Woolson & Babb,* for appellee.

   ADAMS, J.—There is some evidence tending to show that
the power of attorney, by virtue of which the sale is alleged
to have been made, was forged, but we do not
deem it necessary to determine what the fact was.
1. ATTORNEY
in fact:
power to sell
land is not
power to ex-
change.
For the purposes of the opinion it may be con-
ceded that the power of attorney was not forged.
But, conceding such fact, we are not able to see how, under
the plaintiff's own testimony, the sale can be sustained.
While it appears clearly enough that the plaintiff paid $2,000
in cash, as the court found, yet it was paid only to  J. W.
Moorhead, and did not, we think, under the circumstances, as
shown by the undisputed ·evidence, become a payment to
Thomas L. Moorhead.    There is no pretense that any part of
the money actually came into ·Thomas L. Moorhead's hands.
This, to be sure, would not have been necessary to constitute
a payment to Thomas L., if J. W. had received the money
while acting within the scope of his power.    But the undis-
puted evidence shows that he did not thus act.    J. W. Moor-
head's power was to make a sale.    What he undertook to do
was to make an exchange, at least so far as the transaction in
part was concerned.    He took a patent right as a part of the
consideration for the land.

The language of the power of attorney is not very accurate, but there is no question as to what it means. After describing the land, it sets out the power conferred in these words: "To make sale of the same or any part thereof for such sum or price, and on such terms, as to him (the said attorney) shall seem meet, and to ask, demand, recover and receive all sums of money which shall become due and owing to me by means of such sale or sales, and to take all lawful means for recovery thereof," etc. Under this power, the attorney was authorized to make a sale, and only that. A sale is defined to be "an agreement by which one of two contracting parties, called the seller, gives the thing and passes the title to it for a certain price in current money." Bouvier's Law Dict. It differs from an exchange, where the consideration is paid in property other than money. In Parsons on Cont., Vol. 1, p. 520, it is said: "A sale is distinctly discriminated in many respects from an exchange in law; an exchange being the giving of one thing and receiving of another thing, while a sale is the giving of one thing for that which is a representation of all values." See, also, *Vail v. Strong*, 10 Vt., 457. When, therefore, J. W. Moorhead undertook to take a patent right in part consideration, he undertook to take what he had no authority to do, and the plaintiff should have known it. The trade was, therefore, void. It differed in no respect from what it would have been if there had been no power of attorney. There being no sale, the money received could not be regarded as received in pursuance of a sale, and, it not coming actually into Thomas L. Moorhead's hands, he was not affected by the receipt of it by J. W. Moorhead. We think, then, that the court erred in charging the land with a lien for this money. The plaintiff, however, contends that, whatever may be the merits of the case, we cannot reverse, for want of a proper record.

It is not necessary to determine whether the case is triable *de novo* to enable us to review the question above determined. The action was brought in 1878, and while the pro-

vision was in force for trying equitable actions upon oral evidence. There is an assignment of errors; the abstract purports to contain all the evidence, and sets out a certificate by the judge. The decree appears to have been excepted to.

We find, it is true, an additional abstract by the appellee, in which he says: "The notes of the short-hand reporter were never transcribed into long-hand until after the decree in this case, and such long-hand transcript of the notes of the short-hand reporter has never been filed in the district court where the said case was tried, and in no other court, and there is no entry in the appearance docket showing the filing of the short-hand notes themselves, and they were never certified to."

It must appear, of course, presumptively or otherwise, before any question can be raised upon the evidence, that it was certified. But what is the fact in this respect, taking the appellant's and the appellee's abstracts together? In the appellant's abstract we find, following the evidence, a certificate in these words: "I, W. R. Sellon, short-hand reporter, etc., *
* * certify that the foregoing pages are a true and correct transcript of all the evidence, both oral and written, introduced or offered on the trial of the cause of, etc., *
* * together with the rulings of the court, etc.
(Signed.) . "W. R. SELLON."

Following this, we find another in these words: "I, A. H. Stutsman, judge, etc., * * * * certify that the above and foregoing transcript contains all the evidence introduced or offered on the trial of said cause of, etc., *
. * * together with all objections," etc.
(Signed.) "A. H. STUTSMAN, *District Judge.*"

We find, also, in the additional abstract by the appellee, that a skeleton bill of exceptions was signed by the judge, in which he states that the case "was heard upon the depositions of John W. Moorhead, Thomas L. Moorhead * *
* * and upon the testimony of witnesses, * *
* * * as shown in the notes of testimony of W. R. Sellon, official short-hand reporter," etc.

Hampton v. Moorhead.

The statute provides that the original notes of any testimony taken in any case shall be filed in said case, \* \* \* \* and said original notes, or the transcript thereof, or any part thereof, may be referred to in any bill of exceptions, and, when duly transcribed and certified, shall be inserted therein on appeal. Code, § 3777.

The original notes were, we will presume, filed in this case. It was the official duty of the short-hand reporter to file them.

**2. PRACTICE: bill of exceptions: reporter's notes.** There is nothing tending to show that he did not, and the certificate of the judge shows that the case was tried in part upon testimony as shown by the reporter's notes. Under the statute it was competent to make a skeleton bill of exceptions and incorporate the original notes by mere reference. Such bill was made and filed in this case, and by it the original notes were made a part of the record, and that, too, whether they were certified to by the short-hand reporter or not. Where the original notes are made part of the record by a bill of exceptions, the record is, in substance, complete, so far as the evidence embraced therein is concerned. If a transcript or extension of the notes by the reporter becomes necessary, it is not strictly for the purpose of completing the record, but rather for the purpose of making a completed record intelligible to others than the reporter. The reporter's transcript or extension becomes necessary, of course, if a transcript by the clerk does. But the appellant might set out the evidence in his abstract from memory, or from his own notes, long or short-hand. If the

**3. PRACTICE in supreme court: abstracting evidence: presumption in favor of abstract.** appellee should be satisfied with the appellant's abstract, we see no necessity for the clerk's transcript, so far as the evidence is concerned, and, if his transcript is not necessary, we see no necessity for the reporter's transcript. In the case at bar the reporter's transcript appears to have been made, but, according to the appellee's abstract, was not filed. It should, of course, have been filed if it was necessary to make it. But we do not think it was necessary to make it. We have no necessity for the

clerk's transcript so far as the evidence is concerned. In the view which we have taken of the case, it turns upon a point upon which the evidence is set out in the appellant's abstract, and it is not disputed that the evidence upon this point is correctly set out.

We think, then, that the record is in a condition to call for a review of the question determined, and having, upon that question, reached a conclusion different from that reached by the court below, the judgment must be

REVERSED.