BELVIDERA F. LILLEY *vs.* THE PROVIDENCE JOURNAL COMPANY.

A trustee held realty with power to lease at discretion, to make partition and execute deeds of partition, and with the consent of the *cestui* to sell and execute deeds of conveyance, and to invest the proceeds in productive real estate, stock, or securities.

A private gangway, one half belonging to each of the adjoining estates, had been laid out between a part of the trust realty and an adjacent lot. The trustee, with the written consent of the *cestui*, agreed under seal with the lot owner that the lot owner could build over one half of the gangway and erect a party wall on the middle line, paying $2,000 to the trustee. The trustee then put a building over the rest of the gangway. The trustee and the lot owner mutually released all rights in the gangway, and the lot owner released to the trustee so much of the party wall as lay on the trustee's side of the middle line.

*Held*, that the powers given to the trustee should be reasonably construed in furtherance of the purposes for which they were given.

*Held*, further, that the transaction was essentially a sale.

*Held*, further, that the transaction was within the powers given to the trustee.

BILL IN EQUITY for specific performance.

*June* 23, 1888. DURFEE, C. J. This is an amicable suit for the specific performance of a contract for the purchase of a lot of land by the defendant of the complainant. The defendant is ready to complete the purchase if the complainant can make a good title. The question of title arises as follows, to wit: Said lot and the lot next east formerly belonged to different owners, who agreed with each other by covenant to leave open a strip along the dividing line twelve feet wide, six feet on each side, and to keep the same open as a gangway for the common use and benefit of the covenantors and their heirs. Subsequently said lot next east came, under the will of Abigail Whipple, to Robert Sherman and his heirs in trust for Laura Carrique for life, separately from her husband, and in further trust, after her death, to convey it to the persons designated to take in remainder. Certain powers were given to said Sherman and the trustee of another estate under the will as follows, to wit:

" And for the better management and improvement of the estate and property herein and hereby devised in trust, the said trustees severally shall have power, and they are hereby severally authorized and empowered in the execution of their respective trusts, to lease the whole or any portion of said real estate, for such period and upon such terms as the trustees may think proper ; to make partition of any estate of which each may be seized in common with the other, or with any other person or persons ; and to make and execute valid deeds of partition thereof, and, with the assent in writing of the beneficiary of the trust, to make sale of any portion of the trust estate and property held by each trustee, in his discretion, and upon such sale to execute good and valid conveyances of the same to the purchaser thereof, and, upon receipt of the purchase money therefor, to invest the same in other productive real estate, stock, or securities, and to stand seized of such investments upon the same trusts and for the same purposes and for the same period," etc.

It will be seen that the powers are given in very general terms for the better management and improvement of the trust estates, and they should be reasonably construed in furtherance of those purposes.

Subsequently, in 1868, the lot in suit belonged to William Fletcher, who wished to erect a building thereon covering the entire lot, i. e. his half of the gangway as well as the rest of it ; and thereupon said Sherman, with the written assent of said Laura, entered into an agreement under seal with said Fletcher, by which he agreed that said Fletcher should have leave to build over said half of the gangway, releasing to him and his heirs all his, Sherman's, right, title, and interest therein, and also that said Fletcher should have leave to build a partition wall not less than sixteen inches wide on the dividing line equally on each side of it, said Fletcher on his part releasing his right in the east half of the gangway, and in the part of the wall to be built thereon, to said Sherman as trustee, his heirs and assigns.   The defendant contends that this agreement was not within either of the powers given to Sherman by the will.   The ground of this contention is that the only power under which it can be claimed to have been authorized is the power of sale, and a power to sell is only a

power to sell for money ; it does not include a power to exchange, or even a power to sell partly for money and partly for other considerations of value.

Sherman, having been sworn as a witness, testified that Fletcher desired to build a larger building than he could build without occupying half of the gangway ; that he agreed with Fletcher that on payment to him of $2,000 Fletcher might build his party wall one half on his part of the gangway, with the right to the trust estate to use it without payment ; that the money was paid and the wall built, and that, together, they were the consideration for the covenant. He was asked on cross examination if the release of the east half of the gangway was not a part of the consideration, and answered that it was a part of the contract. He also testified that, soon after the contract, a building was erected by him on the east half of the gangway which entirely closed it.

The testimony shows that certain advantages accrued to the trust estate under the covenant in addition to the $2,000 paid, to wit, an interest in the party wall and a release of the easement, and the question is whether because of them the trustee must be held to have exceeded his authority. It seems to us that the transaction was essentially a sale, and that the advantages, other than the pecuniary, which have accrued to the trust estate, were rather incidental results of the contract than independent inducements to it, and that it would therefore be a mistake to hold that the trustee exceeded his authority. Thus the gangway was virtually destroyed as a gangway by the release of one half of it to Fletcher, and it is not clear that the acceptance of the release by Fletcher and his action thereon did not operate as a renunciation of his easement on the other half, independently of his release to Sherman. *Steere* v. *Tiffany*, 13 R. I. 568. And the making the wall a party wall was not simply a consideration moving from Fletcher to Sherman, but a benefit to both parties. The case differs widely from *Hampton* v. *Moorhead*, 62 Iowa 91, cited by the defendant ; for there an agent, specially empowered to sell a parcel of real estate, disposed of it partly for money and partly for a patent right, a thing having no relation to the subject of the power. Moreover, so far as there was any exchange, it was in the nature of partition, which was authorized. At law the cove-

nant between Sherman and Fletcher is undoubtedly binding, Sherman being the owner of the legal estate in fee simple ; and we are of opinion that no court of equity would declare it to be void at the instance of any of the *cestuis que trustent,* either for life or in remainder.

Let a decree be entered for specific performance as prayed for.

*Warren R. Perce, William B. W. Hallett & Daniel W. Fink,* for complainant.

*Joseph C. Ely,* for respondent.