THERESA FROST V. ERATH CATTLE COMPANY.

No. 6895.

1.   **Powers of Attorney, Construction of.** — Powers of attorney, unlike deeds and wills, are to be strictly construed; the authority delegated is limited to the meaning of the terms in which it is expressed.

2.   **Same — General Power.** — Where the power to perform specific acts is given and general words are also employed, such words are limited to the particular acts authorized.

3.   **Same—Example.**—A power of attorney conferred the power to execute conveyances only in connection with sales to be made, followed by a general power *relating to the premises.   Held*, the power to execute deeds in discharge or adjustment of adverse claims preferred against the constituent was not conferred or implied.   See facts.

4.   **Power to Sell and Convey.** — A power to sell and convey does not include the power to convey in discharge of a debt or claim.

5.   **Execution by Firm of a Power.**—A power to a partnership firm may be executed by one of the members of such firm.

6.   **Certificate of Acknowledgment of Deed.** — Since the adoption of the Revised Statutes the omission in the certificate of acknowledgment to a deed is fatally defective when it fails to show that the grantors were either known to the officer or that they were proved to him by the oath of another to be the persons who executed the instrument.

7.   **Latent Ambiguity.**—In the chain of title exhibited by the plaintiff, in a deed from Cobb to Monks the description consists of a reference to other deeds and plats without any further description of the land conveyed.   The deed from Monks, also in the chain of title, for description has similar reference, and among the lands conveyed the only description which could relate to the land sued for (the 640 acres granted Martin) is "Blocks Nos. 1, 2, and 3, being the whole of the W. R. Martin survey," and "being all the lands in said counties of Erath and Hood conveyed to Monks and Cobb except those lands heretofore conveyed by them, and which are of record in the county of Erath," etc.   Objection was made; no circumstances in aid of the description were furnished.   *Held*, the description was insufficient to support a recovery of the Martin 640 acres survey, but that the defects are latent and can be aided by other testimony to the identity of the land sued for with that conveyed.

APPEAL from Hood.   Tried below before Hon. W. H. Divine.
The opinion states the case.

*Thos. T. Ewell*, for appellant.—1. The court erred in admitting and holding sufficient over defendant's objections the deed from Richard B. Kimball to Rebecca De Cordova, as per certified copy of record read in evidence thereof, because said deed shows it was an exchange of land and not a sale, and the power of attorney by virtue of which it was made only authorized a sale. Boone's Law of Real Prop., sec. 194, and note 6; Bish. on Con., sec. 1062, and authorities there cited; Ins. and Banking Co. v. Humphries (Miss.), 1 South. Rep., 232; Dev. on Deeds, sec. 358, et seq.; Mech. on Agency, sec. 336, note 7.

2. A power of attorney made to a firm and not expressly authorizing its members to act severally must be executed by each and all the members in the conveyence of realty, and it must be made to appear that its execution was the act of or by the assent of each member of the firm, or subsequently ratified by all. Hart v. Rust, 46 Texas, 574; Lowery v. Drew, 18 Texas, 786; Lindsay v. Jaffray, 55 Texas, 641; Sibley v. Young, 2 S. E. Rep., 314; Story Eq., 174, 175; Bish. on Con., secs. 1151–1153; Morrell v. Fowle, 10 N. E. Rep., 766; Mech. on Agency, secs. 65, 69, 221.

3. The court erred in admitting and holding sufficient the two deeds from Chas. Cobb to Joseph Monks, and from said Monks to G. W. and W. F. Horton, because of both patent and latent ambiguity in the description, in that it appears on the face of each and both together of said deeds that a number of parcels of land were purported to be conveyed with a clause excepting lands previously conveyed, which were not identified nor any reference made to means of identification; and further, said description in said deeds refers to other deeds and certain plats essential to the proper identification of the lands intended to be conveyed, which other deeds and plats were not offered in evidence; and further, because the certificate of acknowledgment to the deed from Monks and wife to G. W. and W. F. Horton is not in compliance with the law, in not showing that the grantors were known or identified to the officer. Coker v. Roberts, 71 Texas, 597; Norris v. Hunt, 51 Texas, 610; Wooters v. Arledge, 54 Texas, 396; Kingston v. Pickins, 46 Texas, 101.

4. A certificate of acknowledgment, bearing date November 12, 1879, which fails to show that the grantor was personally known or properly identified to the officer, is fatally defective. Rev. Stats., art. 4309.

No brief for appellee reached the Reporter.

TARLTON, JUDGE, *Section B.*—This suit was instituted in form of trespass to try title by appellee against appellant on December 29, 1885, in the District Court of Hood County, to recover the W. R. Martin 640 acres survey in that county. After the patent appellee's title consisted of consecutive transfers to himself, the first of these trans-

fers being a letter of attorney from Richard B. Kimball, the patentee of the land, to Richard Kimball, together with a deed thereunder executed by the attorney in fact, Richard Kimball, to Rebecca De Cordova, embracing a number of surveys in Hood and Erath counties, the power of attorney bearing date January 11, 1868, the deed August 23, 1871.

Appellant claims through a judgment for debt from the District Court of Galveston County against the patentee Richard B. Kimball in favor of R. Ostermann, dated June 9, 1869, and on which executions issued annually until June 5, 1878, the date of the last execution, until May 6, 1884, when the execution issued under which one James M. Robinson, the vendor of appellant, bought July 1, 1884, after due levy and advertisement. Appellant claims that the judgment referred to was recorded in Hood County in 1876.

The court rendered judgment for the plaintiff for the land as described in the petition, and from this judgment the defendant appeals.

No conclusions of law and fact are in the record.

The plaintiff read in evidence, over the objection of defendant, a quitclaim deed from Richard B. Kimball, through his attorney in fact, Richard Kimball, to Rebecca De Cordova, reciting as the consideration thereof "the release to him by the said Rebecca De Cordova of all her claims, right, title, and interest in and to the Texas lands of the said Richard B. Kimball or the proceeds thereof, and more especially the interest in said lands derived by the said Rebecca De Cordova by virtue of an instrument executed in her favor by the said Richard B. Kimball, and bearing date January 22, 1852, and by virtue of a certain agreement made by the said Richard B. Kimball and Rebecca De Cordova, dated February 20, 1869. Appellant's objection to this instrument was that its execution by Richard Kimball was not authorized by the power of attorney under which he claimed to act; and we are called upon by his first assignment of error to review the action of the court in overruling the objection. The power of attorney recites that the attorney in fact, Richard Kimball, is authorized "to take full and absolute charge of all my business and affairs whatsoever in the State of Texas; to demand, sue for, recover, and receive all and any debts due me; to compound the same in his discretion and give acquittances and discharges therefor; and further, to make contracts for the sale of any and all tracts of land owned by me in said State of Texas, at any price in the discretion of my said attorney; and as my agent and attorney hereby constituted, to execute full and sufficient deeds of conveyance in law to any person or persons to whom he may or shall make sale of any of my lands aforesaid, and legally to acknowledge and deliver the same and receive from the purchaser or purchasers the consideration money therefor; and make contracts for the leasing of any of my said real estate and for the improvement thereof according to

his discretion, and to execute leases, grant privileges, and generally to manage, direct, and control all matters connected with or appertaining to my property in the State of Texas; hereby revoking by this instrument any previous power of attorney by me executed relating to my property in Texas, giving and hereby granting to my said attorney full power and authority in and about the premises to use all due means, cause, and process in the law for the full, effectual, and complete execution of the business aforedescribed, and in my name to make and execute due acquittance and discharge, and for the premises to appear and the person of me the constituent to represent, before any governor, judge, justice, officers, and ministers of law whatsoever, in any court or courts of judicature, and there on my behalf to answer, defend, and reply unto all actions, causes, matters, and things whatsoever relating to the premises. Also, to submit any matter in dispute respecting the premises to arbitration or otherwise, with full power to make and substitute for the purposes aforesaid one or more attorneys under my said attorney and the same at pleasure to revoke; and generally to say, do, act, transact, determine, accomplish, and finish all matters and things whatsoever relating to the premises, as fully, amply, and effectually to all intents and purposes as I the said constituent if present ought or might personally, although the matter should require more special authority than is herein comprised, I the said constituent ratifying, allowing, and holding firm all and whatsoever my said attorney or his substitutes shall lawfully do or cause to be done in and about the premises by virtue of these presents.".

It sufficiently appears from the recitals in the deed that the transaction therein referred to was the settlement of some interest held or claimed by Mrs. Rebecca De Cordova in the lands of Richard B. Kimball, or the proceeds of them. The transaction was plainly not a sale. "A sale is defined to be an agreement by which one of two contracting parties, called the seller, gives the thing and passes the title to it for a certain price in current money." Hampton v. Moorhead, 62 Iowa, 93. "It differs from accord and satisfaction, because in that contract the thing is given for the purpose of quieting a claim and not for a price." Bouv. Law Dic. The deed in question excludes and negatives the idea of price or money paid. Under the terms of the power of attorney, was Richard Kimball, the agent, authorized to execute deeds in discharge or adjustment of adverse claims preferred by Rebecca De Cordova against Richard B. Kimball? It appears from the letter of attorney that it is only in connection with the sale of lands that he is authorized to execute conveyances; and such power is not elsewhere conferred in the instrument, unless it be included in the expression "to take full and absolute charge of all my business and affairs in Texas, and to say, do, act, transact, determine, and finish all matters and things whatsoever relating to the premises, as fully, amply, and

effectually to all intents and purposes as I might, etc., although the matter should require more special authority than is herein comprised."

Powers of attorney, unlike deeds and wills, are to be strictly construed; the authority delegated is limited to the meaning of the terms in which it is expressed (1 Dev. on Deeds, sec. 358; Skaggs v. Murchison, 63 Texas, 353); and "where the authority to perform specific acts is given and general words are also employed, such words are limited to the particular acts authorized." Mech. on Agency, sec. 318; Billings v. Morrow, 68 Am. Dec., 235. It follows, then, that these general expressions, however broad, are to be referred to the particular acts elsewhere specified and authorized, and, as the power to execute conveyances is given only with reference to the power to sell, that unless the power to execute deeds for the sale of land includes the power to execute deeds in discharge or settlement of claims, the conveyance in question was unauthorized by the letter of attorney. It is well settled that a power to convey in sale of lands does not authorize a conveyance in exchange or partition of lands. Mech. on Agency, secs. 326, 329; Reese v. Medlock, 27 Texas, 120; Borel v. Rollins, 30 Cal., 408. And the reasoning by which we reach the conclusion that the power to sell does not include the power to exchange or partition impels the conclusion that the power to sell and convey does not include the power to convey in discharge of a debt or a claim. In Berry v. Harnage, 39 Texas, 638, and in Moss v. Berry, 53 Texas, 633, a power of attorney abounding in general expressions delegating authority was held insufficient to authorize the sale of land, though it empowered the execution of conveyances on the discharge of debts due the constituent. We think that the converse should hold in this case, where the authority is specifically given to execute deeds for the sale of land, but not in the discharge of adverse claims to land. It may be that the execution of this deed was afterward ratified by Richard B. Kimball by an acceptance of the consideration stated or by such acts under its provisions as would operate as an estoppel. Zimpelman v. Keating, 72 Texas, 320; Mech. on Agency, sec. 129. If so, it devolved upon the appellee claiming thereunder to prove ratification. Reese v. Medlock, 27 Texas, 124. It does not appear that Richard B. Kimball was ever notified of its execution, or that he has in any way accepted any benefit derived from it. We are to be understood as passing upon the sufficiency of the deed under the power of attorney adjudged solely by its recitals. Applying this test, we think the deed was improperly admitted.

Appellants' second assignment of error questions the correctness of the court's ruling in admitting, over objection, a deed to Monks and Cobb, dated in 1872, and signed "Rebecca De Cordova, by C. R. Johns & Co., per W. Von Rosenberg." The objections were: (1) The power of attorney under which the deed was executed was in the name of

"C. R. Johns & Co.," and would not support the deed when signed by only one member of the firm in the name of the firm. (2) It does not appear that Von Rosenberg was a member of the firm in 1871, the date of the power of attorney.

Both objections were, we think, properly overruled. In urging the first objection appellant relies upon the rule that when authority is delegated to two or more persons all must concur in the execution of such authority. Story on Agency, sec. 42. This rule applies where the power is given to two persons by their names as individuals, and when so delegated, though partners, each must act individually. This principle, however, does not obtain where a power is conferred upon a partnership as such. In such a case the partnership becomes the agent; the individuals do not become separate and several agents. Each member of the firm, within the scope of the partnership, is the agent of the firm, and all are accountable for the acts of each. The authority is delegated with reference to these principles. Mech. on Agency, secs. 65, 70; Deakin v. Underwood, 37 Minn., 101; Gordon v. Buchanan, 5 Yerg., 71.

The firm name, "C. R. Johns & Co.," was signed by the individual W. Von Rosenberg. The deed was dated in 1872, and it was proved that Von Rosenberg was then a member of the firm of C. R. Johns & Co. These facts we think were sufficient to justify the presumption, in the absence of testimony to the contrary, that Von Rosenberg was a member of the firm of C. R. Johns & Co. when the power of attorney was executed in 1871.

In his third assignment of error appellant complains that the court erroneously overruled his objection to the introduction in evidence of the deed from Monks and wife to G. W. and W. F. Horton. We sustain appellant's contention. The deed was dated November 12, 1879, and the certificate of acknowledgment fails to show that the grantors were either known to the officer or that they were proved to him on the oath of another to be the persons who executed the instrument, and the certificate failed to use any equivalent expression. Since the adoption of our Revised Statutes such an omission is fatal to the acknowledgment. Rev. Stats., arts. 4309, 4312; Hayden v. Moffatt, 74 Texas, 648; McKie v. Anderson, 78 Texas, 207.

The appellant in his third and fourth assignments complains of the action of the court in overruling his objections to the deeds from Charles Cobb to Joseph Monks, and from Monks to G. W. and W. F. Horton, and from G. W. and W. F. Horton to J. H. Traylor. The objections are founded on the alleged insufficiency of the description contained in the deeds, on account of both patent and latent ambiguity. Without detailing or analyzing the matters of description we deem it only necessary to say that in our opinion there is such ambiguity in the description as to render the deeds inadmissible, as they were offered

unaided by other testimony, but that the ambiguity is latent, not patent, and that as the description contains data by which the land conveyed might be identified, resort for that purpose might be had on another trial to extraneous evidence.   Kingston v. Pickins, 46 Texas, 101.

It is unnecessary to consider the remaining assignment of error.

For the errors pointed out we think that the judgment should be reversed and the cause remanded, and we so report.

*Reversed and remanded.*

Adopted June 23, 1891.