C. F. COLLINS ET AL. v. ADALINE DURWARD ET AL.

No. 223.

**1. Power of Attorney—Land Certificate.**—A power of attorney to sell a land certificate will not authorize a sale of the land on which the certificate is subsequently located.

**2. Same — Ratification—Notice by Registration.**—Where unauthorized deeds are executed by virtue of a power of attorney, such deeds are not admissible in evidence to show ratification, where there is no evidence that the constituents in the power had any knowledge of their execution, save such as might be inferred from their registration in the counties where the lands lie.

**3. Practice—Waiver of Filing Deeds and Notice.**—Deeds are properly admitted in evidence without previous filing and notice thereof to the opposite party, where such filing and notice has been waived by written agreement. See opinion for an agreement of this character construed and given application.

Appeal from Wichita. Tried below before J. A. Templeton, Esq., Special Judge.

*R. E. Huff* and *A. A. Hughes*, for appellants.—1. A power to convey a land certificate will confer power to sell the land on which said certificate is located. A land certificate is nothing more nor less than a right to appropriate so much of the public domain of Texas. It is a right to so much land. It would be absurd to say that a power to alienate the certificate and to do any and all things necessary to alienate and convey it would not clothe one with authority to sell the land itself after location. It might have been that in the wisdom of the attorney he thought that the location of said certificate was a thing necessary to be done in order to make it saleable.

2. The two deeds of Charles I. Evans to T. B. Wheeler, excluded, should have been admitted, if for no other reason, to be submitted to the jury under proper instructions as to whether or not the acts of said Evans had not been ratified by the parties making the power of attorney by acquiesence in his acts as their attorney under the power authorizing him to sell the land certificates. Watson v. McGrew, 16 Texas, 506; Hooper v. Hall, 35 Texas, 83; Daily v. Starr, 26 Texas, 562; Johnson v. Shaw, 41 Texas, 428.

*James B. Goff*, for appellees.—1. A land certificate is a chattel, and a power to sell it confers no authority to sell land, and the deed was properly excluded for this reason. Railway v. McKinley, 55 Texas, 184; Story on Agency, sec. 99.

2. There was no ratification of the act of Evans; hence the jury had nothing to do with the question. The mere lapse of time raises no presumption of this kind.

TARLTON, Chief Justice.— This suit in trespass to try title was brought by the appellees, as heirs of James E. Ellis, to recover the James E. Ellis 640 acres survey, patent number 540, volume 3, lying in Wichita County, from S. Y. Collins and C. F. Collins, Hugh Riley, and H. Mosely, original defendants.

The defendants Collins in the first instance purchased the entire tract in controversy from T. B. Wheeler, a vendee under certain conveyances executed by Charles I. Evans, for himself and as attorney in fact for certain persons as heirs of James E. Ellis.

After their purchase, the defendants Collins sold portions of the tract, with covenants of warranty, and accordingly they were also sued as warrantors by their codefendant and vendee Hugh Riley, and by another vendee, one J. G. Hardin, who himself had been sued as a warrantor by H. Mosely, the remaining original defendant.

The plaintiffs recovered judgment for seventy-nine ninetieths of the land, and the warrantors had judgment against the defendants Collins. These alone appeal.

*Opinion.*—The appellants' claim to the land rests upon two deeds, the one dated February 22, 1876, the other February 11, 1884, executed for the purpose of curing a defect in the former arising out of the description of the land therein as in Clay instead of Wilbarger County. Each purports to have been executed by Charles I. Evans, for himself and as attorney in fact for William B. Weaver, Ellen Weaver, W. S. White, Adaline Durward, and Alexander Durward.

The power of attorney, dated November 18, 1872, and relied upon as the source of authority in Charles I. Evans for the execution of these deeds, authorized him " to sue for and recover, to assign, alienate, and convey, and to do and perform for us and in our names any and all other acts and things necessary for the recovery, perfection, alienation, assignment, and conveyance of two land certificates granted to the heirs of James E. Ellis as aforesaid, the one for bounty warrant number 9360 for 1920 acres, the other donation warrant number 982 for 640 acres of land, both of date December 19, 1839, and one-third of a league of land situated in the county of Haskell, in said State of Texas, and patented to the heirs of J. E. Ellis under patent number 98, of date October 21, 1862." * * *

The land in controversy was subsequently, on December 4, 1873, patented to the heirs of James E. Ellis. The certificate does not appear to have been located at the date of the power of attorney.

The question then arises here, under appellants' most material assignment of error, whether a power of attorney authorizing the sale of a land certificate, will authorize the sale of the land on which the certificate is subsequently located.

Concurring with the trial court, we answer this question in the negative.

Our conclusion rests upon the strictness of construction to which powers of attorney are subjected, and upon the doctrine, that " the authority is never considered to be greater than that warranted by the language of the instrument, or indispensable to the effective operation of such authority." * * * " The authority given is not extended beyond the meaning of the terms in which it is expressed." 1 Dev. on Deeds, sec. 358; Frost v. Cattle Co., 81 Texas, 505.

A land certificate, while it "symbolizes the right" to acquire land, is yet but personal property. Barker v. Swenson, 66 Texas, 408. There is a wide difference between a mere right to acquire land and the land itself afterwards acquired by virtue of that right; and we can well conceive that an owner would be willing to authorize the transfer of a certificate, who, from considerations of changed character and a greatly increased value in the property, would refuse the delegation of authority to convey the land into which it had meanwhile been merged.

In Hermann v. Reynolds, 52 Texas, 391, it was held, that a power of attorney to sell two bounty claims of the principal, "or any land that may be secured thereby," authorized the conveyance of the land thus secured, as against the principal, who urged no objection to the want of authority. We do not regard the opinion in that case as in any sense conflicting with the view here expressed. The court seems to have been careful to emphasize the significant expression, "or any land that may be secured thereby."

The conclusion thus announced renders it unnecessary to advert to the first assignment of error, complaining of the exclusion of the deed by Charles I. Evans to T. B. Wheeler, of date February 22, 1876. The error in this connection complained of becomes wholly immaterial, because, as to the grantors therein named, other than Evans, the deed was without authority, for the reasons above stated; and as to him the defendants, as the record shows, had the benefit of a conveyance of all his title in the land.

We can not, under the evidence, concur with appellants, that the deeds should have been admitted for the purpose of showing ratification by the parties named in the power of attorney of the acts of Evans. The mere lapse of time from the execution of the deed in February, 1876, and its registration in March of that year, in Haskell County, and the execution and registration in Wichita County of the subsequent deed in February, 1884, to the institution of this suit in February, 1885, without any evidence whatever of knowledge on the part of the complaining grantors in the power of attorney, save such as may be inferred from the registration of the instruments, could not suffice to show ratification.

We overrule the third assignment of error, complaining of the action of the court in admitting in evidence copies of deeds from C. F. Collins and S. Y. Collins to the defendants Hugh Riley and J. G. Hardin.

It appears from the bill of exceptions that there was on file an agreein writing "by the plaintiff and defendants, that either party may read from the deed records or certified copies therefrom of any title papers, without accounting for originals or filing same among the papers of this cause, or giving notice of same; this agreement to become binding when sanctioned by all of the defendants." The agreement was prepared by the plaintiffs and, in the first instance, signed by some of the defend-

ants only, including, however, the defendants Collins.  It seems not to have been signed by the defendant Riley, and to have been signed by the defendant Hardin only after the trial commenced.  Each of these defendants, however, on objection urged by the defendants Collins, that they signed it with the plaintiffs and did not understand it to be an agreement among the defendants, stated to the court that he knew of the agreement, and announced ready for trial, sanctioning it and relying upon it.  This, we think, was sufficient evidence of a waiver of the filing of the original deeds to justify the admission of the copies.

Hardin and Riley were entitled to recover legal interest from their warrantors for the period during which they were held liable for rents and profits.  Brown v. Hearon, 66 Texas, 64.  All excess of interest over such liability awarded by the verdict seems to have been remitted by them.  We therefore overrule the fourth assignment of error, complaining that the verdict awarded them 8 per cent interest from the date of their purchase from Collins.

The record shows that judgment was rendered in favor of the defendant Evans against the defendant Wheeler.  We therefore overrule appellants' final assignment and their proposition thereunder, to the effect that the judgment failed to dispose of all the parties and issues involved, because no disposition was made of the defendants named.

We find no error in the judgment of which appellants can complain, and it is affirmed.

*Affirmed.*

Delivered October 21, 1893.