JOHN HURST v. C. A. AND S. E. FINLEY.

Decided February 21, 1900.

**1. Deed—Married Woman—Certificate of Acknowledgment.**

A certificate of acknowledgment to a married woman's conveyance of the homestead must show directly, or by equivalent expressions, that she was known or made known to the officer, and that she executed it for the purposes and consideration there stated. See certificate held insufficient to pass title under this rule.

**2.  Same—Impeaching Certificate—Parol Evidence—Immaterial Error.**

The admission of testimony by a married woman that she did not willingly sign a conveyance of the homestead and that it was not explained to her by the notary, thereby contradicting that officer's certificate by parol evidence of matters not known to the grantee, was not ground for reversal where the certificate was fatally defective in other particulars and the deed was excluded by the court, as against the married woman, for such defects.

**3.  Sufficiency of Evidence—Several Theories.**

Where either of two or more alleged statements of fact will support the judgment, and it does not appear upon which the trial court proceeded, its ruling will be sustained in the absence of error in law, if there be sufficient evidence to support either.

**4.  Married Woman's Deed—Defective Certificate—Parol Evidence to Support.**

In the absence of pleading seeking the amendment of a defective certificate of acknowledgment by a married woman, parol evidence that the officer complied with the law is not admissible.

APPEAL from Nacogdoches.  Tried below before Hon. TOM C. DAVIS.

The following was the form of the certificate of acknowledgment of the deed from Finley and wife to Hurst, referred to in the opinion:

"*The State of Texas, Nacogdoches County.*—Before me, W. L. Tynes, a notary public in and for the State of Texas, Nacogdoches, on this day personally appeared C. A. Finley, whose name appears to the foregoing instrument, known to me, and acknowledged to me that he had signed and delivered said deed for the purposes and considerations therein expressed; and on the same day personally appeared before me S. E. Finley, wife of the said C. A. Finley, parties to the foregoing deed, and having been by me examined privily and apart from her husband, and the same fully explained to her, she, the said S. E. Finley, acknowledged the same to be her act and deed and declared that she had willingly signed and delivered the same and that she wished not to retract it."

Appellant's first assignment of error and proposition asserted that the rule of caveat emptor applied in this case, and that the demurrer to plaintiffs' petition should have been sustained.  His second was that plaintiffs were not entitled to recover because they did not show title in themselves from the sovereignty of the soil.

OPINION ON REHEARING.

FISHER, CHIEF JUSTICE.—The cause of action and the result reached by the trial court is fully stated in the original opinion delivered by this court.

We find as facts, that there were false and fraudulent representations made by the appellant, in effect as stated by the plaintiffs in their petition, concerning the quantity and the quality of the land; and that the plaintiffs were induced by such representations to trade the premises in controversy for the land then owned by appellant, and that the

plaintiffs believed the representations to be true and had no knowledge to the contrary. The premises in controversy at the time that the trade was made between the plaintiffs and the appellant, as stated in their petition, was the homestead of the plaintiffs. We also further find that the plaintiffs signed and executed the deed to the appellant conveying the property in controversy, and were induced to do so by reason of the fraudulent representations made by the appellant, as set out in plaintiffs' petition; and that the certificate of acknowledgment to that instrument, so far as it affects appellee, Mrs. Finley, is defective, in that the certificate fails to show that she was known or made known to the officer who took her acknowledgment, or that she executed the deed for the purposes and consideration therein stated.

Since the first disposition of the case, our attention has been called to a qualification appended to the bill of exceptions, admitting the deed executed by the appellees to appellant in evidence. The court, it seems, admitted the deed in evidence, so far as it affected the husband C. A. Finley, but as shown by the appended qualification, it was not admitted as against Mrs. S. E. Finley . Notwithstanding this ruling, the court admitted testimony of Mrs. Finley to the effect that she did not willingly sign the instrument and that it was not explained to her by the officer. In fact, that he had not performed his duty in taking her acknowledgment.

The court having excluded the deed as to her, we fail to perceive any ground upon which her testimony, as above stated, was admitted. But, however, in view of the entire record, we think we erred in reversing the judgment, as shown in the first opinion, on the ground that the court admitted, over the objection of appellant, the evidence of Mrs. Finley impeaching the certificate of acknowledgment.

As stated in the former opinion, the court in its judgment does not state the grounds upon which it based the decree canceling the deed executed by the appellees and extending the relief that they prayed for, but if there is any ground upon which the judgment may be sustained, it is our duty to affirm it.

The property being homestead at the time that the Finleys executed the conveyance, Mrs. Finley's acknowledgment under the terms of the law was essential in order to the execution of a legal conveyance. After reconsidering our previous ruling as to the certificate of the officer, we think that we were incorrect in holding that it was a good certificate of acknowledgment as to Mrs. Finley. It omits to state that she was known to the officer, or made known, and that she executed it for the purposes and consideration therein stated. These questions have been passed upon in the following cases: Frost v. Cattle Co., 81 Texas, 510; McKie v. Anderson, 78 Texas, 207; Hayden v. Moffatt, 74 Texas, 648. And in the last case cited, in construing our present provision of the Revised Statutes on the subject of acknowledgment of married women, it is held that the certificate upon its face must show that she was known to the officer or was made known, and that she executed

the instrument for the purposes and consideration therein stated, or use equivalent expressions.

In first passing upon the certificate, we were under the impression that equivalent expressions were shown upon the face of the certificate; but upon a re-examination of the certificate, in connection with the authorities, we have reached a different conclusion, and now hold that the certificate, for the reasons stated, is defective as to Mrs. Finley. Consequently, this being true, we can disregard her evidence impeaching the officer's certificate, for it was immaterial, in view of the fact that there was no legal certificate to impeach.

The relief extended to the plaintiffs is justified on either or both of the grounds alleged in the plaintiffs' petition. The property at the time being the homestead, and the wife never having properly joined in the conveyance, it can be recovered by the plaintiffs. The plaintiffs being induced to sell by reason of the false and fraudulent representations concerning the quantity and the quality of the land which was taken in exchange for it, cancellation and recovery could be had upon this ground.

There was no error in the ruling of the court upon the demurrers as complained of. The plaintiffs were not required to deraign title from the sovereignty of the soil, and there was no merit in the second assignment, which complains of the judgment in this respect.

The court did not err in refusing to permit the notary public who took the acknowledgment of Mrs. Finley to testify to facts tending to show that he had fully complied with the law in taking her acknowledgment. Looney v. Adamson, 48 Texas, 621.

The appellant did not in his answer ask that the certificate of acknowledgment be corrected or amended, as is permitted by the statute, which authorizes the institution of an action for the purpose of correcting or proving up the acknowledgment of an instrument permitted or required by law to be acknowledged.

Motion for rehearing granted, and the former judgment is set aside and the judgment below is affirmed.

*Affirmed.*