JOHN H. GOULDY V. J. N. METCALF ET AL.

No. 6526.

1. **Assignment for Benefit of Creditors by Agent.**— An assignment for the
benefit of creditors may be made by an agent or attorney in fact authorized thereto.

2. **Power of Attorney—Construction.**—When an authority is conferred upon
an agent by a formal instrument there are two rules of construction to be carefully
adhered to:

1. The meaning of general words in the instrument will be restricted by the con-
text and construed accordingly.

2. The authority will be construed strictly so as to exclude the exercise of any
power which is not warranted either by the actual terms used or as a necessary means
of executing the authority with effect.

**3. Case in Judgment.**—A power of attorney to act "in and about my business; to buy, sell, or exchange property; to receive and receipt for money; to sell and dispose of property, to give bills of sale thereto, or to sell and transfer real estate and execute deeds thereto; or to do and perform any lawful act in, or about, or concerning my business, as fully and completely as if I were personally present and acting; and I herein and hereby confirm all their lawful acts and deeds that they perform in any manner connected with my business." *Held*, that the instrument did not confer the power to make an assignment for the benefit of creditors. The business was mercantile, and the stock, book accounts, etc., were the subject of the attempted assignment.

Appeal from Bosque. Tried below before Hon. J. M. Hall. The opinion states the case.

*J. Jenkins*, for appellant.—The court erred in excluding from evidence the deed of assignment made to plaintiff, for the reason that the power contained in the power of attorney given by W. H. Turner to his agents and attorneys in fact was sufficient to authorize them to make the deed of assignment. McKee v. Coffin, 66 Texas, 304; Hughes v. Driver, 50 Texas, 179; Neale v. Sears, 31 Texas, 115, 116; 2 Ct. App. C. C., secs. 217, 525, and authorities cited; Story on Agency, sec. 135; Story on Sales, 2 ed., sec. 77.

*W. M. Knight* and *Crain & Ramsey*, for appellees. —1. An assignee is an agent of the assignor. An agent must be appointed by the principal or by some one who has special authority to appoint him. No agent, however general his power may be, has the right to appoint another agent, unless he has been specially empowered so to do by his principal. Wood v. McCain, 42 Am. Dec., 612; 2 Kent's Com., 4 ed., 633; Story on Agency, 17; Cole v. Vesy, 9 Vesy, 251; Broom's Legal Max., 839; 1 Wait's Act. and Def., p. 215, sec. 4; McCormick v. Bush, 38 Texas, 314.

2. General terms in a power of attorney relate only to special terms therein employed. They are not used with a view of enlarging the scope of the agency, but are understood to apply only to the special powers specially conferred. Smith v. Sublett, 28 Texas, 163; 1 Wait's Act. and Def., pp. 224–26.

ACKER, Presiding Judge.—W. H. Turner, by properly executed power of attorney, granted to H. E. Turner and A. P. Bell authority and powers as follows: "In and about my business to buy, sell, or exchange property; to receive and receipt for money; to sell and dispose of property, to give bills of sale thereto, or to sell and transfer real estate and execute deeds thereto; or to do and perform any lawful act in, or about, or concerning my business, as fully and completely as if I were personally present; and I herein and hereby confirm all their lawful acts and deeds that they perform in any manner connected with my business."

Under this instrument the attorneys in fact executed a statutory deed

·of assignment of Turner's property for the benefit of his creditors. Appellant Gouldy was named as assignee, and he took possession of the assigned estate as such.

Appellees Ruder and Pool were creditors of Turner, and sued out an attachment against him, under which appellee Metcalf, as sheriff, took from the possession of Gouldy the stock of merchandise, books and accounts, etc., which he had received as assignee of Turner.

Gouldy brought this suit as assignee against the sheriff and plaintiffs in attachment to recover damages for the wrongful seizure and conversion of the property.

On the trial plaintiff, having introduced in evidence the power of attorney, offered the deed of assignment, which was objected to by defendants upon the ground that "the power of attorney did not authorize the attorneys in fact to make the deed." The objection was sustained, and there was no other evidence offered.

The court, trying the case without a jury, rendered judgment for defendants.

The only question presented is, did the trial court err in holding that the power of attorney did not authorize the attorneys in fact to execute the deed of assignment? That a deed of assignment for the benefit of creditors may be executed by an agent or attorney in fact, specially authorized thereto, we think has been settled by the decision in McKee v. Coffin, 66 Texas, 307, 308, where it is said: "It is now urged that the court below erred in admitting in evidence the deed of assignment, because there is no sufficient evidence that it was ever executed by S. W. Kniffin. The evidence shows that he was not present when the deed was executed, but that prior to its execution he had directed this to be done by those who did execute it, upon the happening of a then contemplated ·contingency."

And again: "What a person under no disability may do in person, he may ordinarily do through an agent, but it is claimed that this is not true under the act regulating assignments; that the deed of assignment must be the personal act of the owner of the property assigned, and, as an evidence of this, it is urged that the assignor must make oath to the schedule.

"It is true that the second section of the act does require that the inventory and schedule shall be verified by the oath of the debtor, but this is not essential to the validity of the assignment, for the tenth section declares that 'no assignment shall be declared fraudulent or void for want ·of any inventory or list, as provided herein, but if such list and inventory be not annexed and verified, as provided in this act, it shall be prima facie evidence that the assignor has secreted and concealed some portion of the property belonging to his estate from his assignee, unless,' etc.

"It is said that 'the processes provided against the assignor, and the penalties denounced against him, are all personal, and can not be trans-

ferred to and performed by or enforced against an agent.' If an agent makes a false oath in the course of the business of his principal, he may be indicted and convicted for false swearing or perjury, as the case may be, as though the false oath were taken in his own business."

We think it clear from the foregoing quotations that an assignment for the benefit of creditors may be made by any agent or attorney in fact authorized thereto. The instrument under which the power was exercised in this case does not in terms grant the authority. The language used in the grant of general power is certainly very comprehensive, but the established rule of construction limits the authority derived by the general grant of power to the acts authorized by the language employed in granting the special powers.

"When an authority is conferred upon an agent by a formal instrument, as by a power of attorney, there are two rules of construction to be carefully attended to:

"1. The meaning of general words in the instrument will be restricted by the context, and construed accordingly.

"2. The authority will be construed strictly, so as to exclude the exercise of any power which is not warranted, either by the actual terms used, or as a necessary means of executing the authority with effect." Ewell's Evans on Agency, 204, 205; Reese v. Medlock, 27 Texas, 123, 124.

Applying these rules to this case, and none of the circumstances under which the power was executed being shown, we are of opinion that the attorneys in fact did not have the power to make the assignment, and that the court did not err in so holding.

We are, therefore, of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted December 17, 1889.