### LAWRIE v. MILLER et al. (No. 3503.)

Court of Civil Appeals of Texas. Texarkana. Feb. 1, 1928.

Rehearing Denied Feb. 16, 1928.

**1. Principal and agent ☞97—Guiding principle in construing powers in power of attorney is result sought to be accomplished thereby.**

The guiding principle in construing powers conferred in a power of attorney is to be derived from consideration of the result which the attorney in fact is appointed to accomplish.

**2. Principal and agent ☞100(3)—Power of attorney held to authorize attorney to do all things enumerated, including power to buy land and give notes and mortgages for price.**

Power of attorney authorizing attorney in fact "to transact any and all my legal business (sign checks, notes, and settle my personal accounts of whatsoever nature), Buy and sell land in and for my name, create loans again any personal or real estate that I may have in my name,—Buy and sell cattle in and for my name,—hereby giving and granting to said attorney my full power and authority to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present," *held* to authorize attorney to do all things stated therein, including power to buy land and give mortgages and notes for purchase price.

**3. Principal and agent ☞100(3)—Power of attorney to "create loans again" principal's realty authorized borrowing of money on security of land previously owned.**

Power of attorney authorizing attorney in fact to "create loans again any personal or real estate that I may have in my name" *held* to authorize attorney in fact to borrow money on the security of land previously owned by principal; word "again" being construed as intended for word "against."

**4. Principal and agent ☞97—Omission in power of attorney cannot be presumed, where all words, taken together, express principal's intention in connected manner.**

Where all the words in a power of attorney, taken together, are sufficient to express in a connected manner the intention and purpose of

the principal, it cannot be presumed that there was an omission.

**5. Principal and agent ☞97—Powers conferred on agent by formal instrument must be strictly construed.**

The general rule is that all powers conferred on an agent by a formal instrument are to receive a strict interpretation, and the authority is never extended by intendment or construction beyond that which is given in terms, or is necessary for carrying the authority into effect, and that authority must be strictly pursued.

**6. Principal and agent ☞147(2)—One dealing with agent must interpret power under which he acts.**

One dealing with an agent is chargeable with notice of the contents of the power under which he acts, and must interpret it at his own peril.

Appeal from District Court, Rusk County; Royal R. Watkins, Judge.

Suit by Alexander B. Lawrie against Mrs. Lola L. Miller and others. From a judgment of nonsuit, plaintiff appeals. Reversed and remanded for trial.

The appellant brought the suit against Mrs. Miller, as sole surviving heir of Mrs. Shaw, deceased, to foreclose a deed of trust on certain lands, executed to secure the payment of certain notes to the amount of $6,000. No personal judgment on the notes is sought against Mrs. Miller. In response to exceptions leveled at the petition, the appellant drew up and filed an amendment, as additional allegations of the petition, specially setting up that the deed of trust and notes were signed and executed by A. P. Miller, agent and attorney in fact for Mrs. E. C. Shaw, owner of the land, under the following alleged executed, delivered, and registered instrument:

"State of Texas, County of Rusk.

"Know all men by these presents, that Mrs. E. C. Shaw, of Tatum, Rusk County, Texas, have this day made, constituted, and appointed, and by these presents do make, constitute, and appoint, A. P. Miller, of Tatum, Texas, in the county of Rusk and State of Texas, my true and lawful attorney for and in my name, place, and stead to transact any and all my legal business (sign checks, notes, and settle my personal accounts of whatsoever nature), Buy and sell land in and for my name, create loans     again any personal or real estate that I may have in my name,—Buy and sell cattle in and for my name, —hereby giving and granting to said attorney my full power and authority to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or substitute shall lawfully do."

The amendment was acted upon and treated as in the form of a trial amendment of the petition, and we so regard it. The de-

fendants then specially demurred to the petition as so amended, upon the ground that the power of attorney set forth did not authorize the attorney in fact to sign notes, except to pay the personal accounts of Mrs. Shaw, and did not give the power to execute any mortgage on the real estate. The court sustained the demurrer on the grounds mentioned, and upon the plaintiff's declining to amend and to proceed further in the trial the court entered an order of nonsuit against the plaintiff and in favor of the defendants. The plaintiff duly excepted to the action of the court in sustaining the demurrer, and the appeal is to revise the ruling of the court.

A copy of the original power of attorney as registered was attached to the petition, and it shows a blank space appearing between the words "loans" and "again" in the following: "Create loans          again any personal or real estate that I may have in my name." It was argued by appellees, in the submission of the case on appeal, that in the original instrument, at the time of its execution, appeared the words "and rent," following after the words "create loans."

Spivey & Williams, of Texarkana, and Futch & Cooper, of Henderson, for appellant. C. L. Brachfield and R. T. Jones, both of Henderson, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] The guiding principle in the construction of the powers conferred in a power of attorney is to be derived from the consideration of the result which the attorney in fact is appointed to accomplish. As seemingly contended by appellees, and so determined by the court, the result which the attorney in fact was appointed to accomplish was restricted to "sign checks, notes, and settle my personal accounts of whatsoever nature." This view was arrived at by construing the following words: "Buy and sell land in and for my name, create loans          again any personal or real estate that I may have in my name,—By and sell cattle in and for my name," as used as explanatory phrases, intending thereby to designate and make clear the preceding subject of "legal business." In other words, as written, such general words are not a break of continuity in the preceding sentence, indicating a different subject, but contribute to the clearness of the preceding sentence. If that construction of the instrument were the only permissive one, then it might be plausibly contended that the whole purpose of the principal was to make the attorney in fact her agent as payer, and not borrower. But it is thought that the intention reasonably appearing was to confer authority upon the attorney in fact in each of the following distinct subjects, namely:

(1) "To transact any and all my legal business (sign checks, notes, and settle my personal accounts of whatsoever nature"); (2) "(to) buy and (to) sell land in and for my name, (to) create loans          again any personal or real estate that I may have in my name;" (3) "(to) buy and (to) sell cattle in and for my name."

Such parts are entirely independent of each other in construction, having relation to distinct subjects. Such construction comports with and is in entire harmony with the whole purpose and intention of the instrument, namely:

"Hereby giving and granting to said attorney my full power and authority to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present."

In this view, the attorney in fact was granted "my full power and authority" to "buy land in and for my name" and (in order to accomplish such result) "to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises." There is no express or implied limitation upon the power authorized, as specially binding the attorney in fact to buy land only for cash furnished to him by the principal. The large power given was to do "any and all acts and things" which were "requisite and necessary" in order "to buy land in and for my name." Such general authority given authorizes, if necessary, to accomplish the purpose, the giving of notes and the placing of incumbrances on the land, in payment and for the purpose of securing the payment of the purchase price thereof. Of course, this authority only lies under such operative power for the unpaid purchase money, and would not authorize general promiscuous incumbrances. Therefore, as it did not appear from the allegations in the petition or the trial amendment thereof that the deed of trust was not given for the unpaid purchase money of the land incumbered, it was error to sustain the special demurrer. The appellant had the right to complain, and appeal from the demurrer to the amendment, as reaching to the foundation of the suit.

[3, 4] Assume, though, that the deed of trust declared upon was upon previously owned land of the principal, still the authority to make the incumbrance upon the land is not conclusively lacking in further provisions of the instrument. Operative power was given, namely, "create loans          again any personal or real estate that I may have in my named." Standing alone, the phrase "create loans" would plainly mean to bring into existence or make loans, and not to borrow, in behalf of the principal. However, such words, tied to the further words, "again any personal or real estate that I may have in my name," would convey a different meaning. There may or may not have been an omission of words in the phrase, but it can-

not be presumed in this record that there was an omission, since 'all the words, taken together, are sufficient to express in a connected manner the intention and purpose of the principal. The entire phrase is colloquial, and sufficiently expresses the meaning, to borrow money and give the property as security therefor.

It is obvious, as against the demurrer, that the word "again" should be regarded and read as intended to be used for the word "against"; otherwise, the phrase as worded would be confused, meaningless speech. We are of the opinion, though, and here say, in order to avoid any misunderstanding of the present ruling, that if, in the trial of the case on its merits, it develops, as suggested in the argument and pleaded in the answer, that words were wrongfully or were improperly erased after execution of the original instrument between the words "create loans" and "again," a greatly different construction might arise of this portion of the operative power of the attorney in fact. We are merely at present determining the meaning of the face of the instrument in the light of a demurrer, and in no wise as respects the attending circumstances of the execution, which are not shown by the record before us.

[5, 6] It is the conceded rule, in general, that all powers conferred upon an agent by a formal instrument are to receive a strict interpretation, and the authority is never extended by intendment or construction beyond that which is given in terms, or is necessary for carrying the authority into effect, and that authority must be strictly pursued. Frost v. Cattle Co., 81 Tex. 505, 17 S. W. 52, 26 Am. St. Rep. 831; Gould v. Metcalf, 75 Tex. 455, 12 S. W. 830. And a party dealing with an agent is chargeable with notice of the contents of the power under which he acts, and must interpret it at his own peril. Green v. Hugo, 81 Tex. 452, 17 S. W. 79, 26 Am. St. Rep. 824.

The judgment is reversed, and the cause is remanded for trial.