Musquiz, et al. v. Marroquin












 




NUMBER 13-02-00408-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JUANITA MUSQUIZ, JUAN MUSQUIZ, III,
AND SYLVIA BECERRA,                                                           Appellants,

v.

FRANK MARROQUIN,                                                                   Appellee.
                                                                                                                       

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                       

O P I N I O N

Before Justices Hinojosa, Rodriguez, and Wittig



Opinion by Justice Hinojosa

          This is a direct appeal from a bench trial involving judicial construction of a general
durable power of attorney. Appellee, Frank Marroquin, independent executor of the Estate
of Enriqueta Marroquin, sued appellants, Juanita Musquiz and her husband, Juan Musquiz,
III, and their daughter, Sylvia Becerra, in the 148th District Court of Nueces County for
breach of fiduciary duty and trespass to try title. In four issues, appellants challenge the
trial court’s jurisdiction, construction of the power of attorney, and award of attorney’s fees. 
We modify the trial court’s judgment and, as modified, affirm.
A. Background
          On August 21, 1997, Enriqueta Marroquin signed a general durable power of
attorney giving broad powers to her son, Reynaldo Marroquin, and her daughter, Juanita
Musquiz, as her “true and lawful Attorneys-in-Fact.” The power of attorney restricted the
personal liability of the attorney-in-fact to acts constituting gross misconduct or fraud. The
power of attorney also expressly allowed for self-dealing by the attorney-in-fact.
          After execution of the power of attorney, Juanita made improvements to her
mother’s house. The total amount of the improvements was approximately $11,800.
          On October 30, 1998, Juanita unilaterally executed a “contract for deed” for the sale
of her mother’s house. According to the contract, Juanita M. Musquiz as attorney-in-fact
was the seller, and Juanita Musquiz and her husband, Juan Musquiz, III, were the buyers. 
The sales price was $22,000, “with a down payment of $12,000 worth of improvements and
two thousand dollars and a deferred principal amount of $8,000.” The $8,000 was to be
paid in monthly installments made payable to the Marroquin Family Trust. On the same
date as the contract for deed, Juanita unilaterally executed a warranty deed, conveying
ownership of the real property to her husband and herself.
          On June 25, 1999, Juanita unilaterally created the Marroquin Family Trust that was
referenced in the contract for deed, which she executed the year before. The Marroquin
Family Trust states that the Trustor “has transferred and delivered to the Trustee all of the
property described in Schedule A.” Schedule A provides that the “[t]rust principal is
composed of the sum of $2,000.00” and the monthly payments to be made under the
contract for deed, dated October 30, 1998.
          On October 19, 2000, shortly before Enriqueta’s death, Juanita unilaterally executed
a release of lien, discharging the property from any and all liens, security interests,
assignments, and conveyances in consideration of the full and final payment of the
contract for deed.
          Enriqueta died in December, 2000. In her will, dated December 23, 1993, Enriqueta
devised all of her property to her son, Reynaldo. Juanita knew of both the will’s existence
and the terms of the will. The will was admitted to probate on March 29, 2001, in county
court. Appellee, Enriqueta’s son, was appointed independent executor of the will.
          After learning of the documents that had been executed by Juanita, appellee sued
appellants in district court for breach of fiduciary duty and trespass to try title. The trial
court’s judgment: (1) set aside, as null and void, all the documents executed unilaterally
by Juanita; (2) judicially declared that the property was owned by appellee, as independent
executor of the Estate of Enriqueta Marroquin, and ordered appellee to convey the property
in accordance with Enriqueta’s will; (3) ordered Juan and Juanita to execute a special
warranty deed transferring all of their interest in the property to appellee; (4) awarded
appellee $7,000 for the fair and reasonable rental value of the property from the date of
Enriqueta’s death until the rendition of judgment; (5) awarded appellee the sum of $4,000
for attorney’s fees; and (6) ordered appellants to vacate the premises within ten days.
 
B. Jurisdiction
          In their first issue, appellants contend the district court did not have subject matter
jurisdiction over appellee’s breach of fiduciary duty and trespass to try title claims. 
Appellants argue that the statutory county court had exclusive jurisdiction of any and all
claims pertaining to or incident to the Estate of Enriqueta Marroquin because the probate
case was filed first. The issue, therefore, is whether the statutory county court had
exclusive jurisdiction over this matter.
          Whether a trial court has subject-matter jurisdiction is a question of law subject to
de novo review. Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855
(Tex. 2002); Herring v. Welborn, 27 S.W.3d 132, 136 (Tex. App.–San Antonio 2000, pet.
denied). The general jurisdiction of a statutory county court sitting in probate is described
in sections 5 and 5A of the probate code. Section five states, in relevant part:
In those counties in which there is no statutory probate court, but in which
there is a county court at law or other statutory court exercising the
jurisdiction of a probate court, all applications, petitions, and motions
regarding probate and administrations shall be filed and heard in those
courts and the constitutional county court, rather than in the district courts,
unless otherwise provided by law. The judge of a county court may hear any
of those matters regarding probate or administrations sitting for the judge of
any other county court. In contested probate matters, the judge of the
constitutional county court may on the judge’s own motion, and shall on the
motion of a party to the proceeding, transfer the proceeding to the county
court at law or a statutory court exercising the jurisdiction of a probate court
other than a statutory probate court. The court to which the proceeding is
transferred may hear the proceeding as if originally filed in the court.
 
Tex. Prob. Code Ann. § 5(c) (Vernon 2003). Section 5(f) further provides that those courts
exercising original probate jurisdiction, which include statutory county courts pursuant to
section 5(c), shall have the power to hear all matters incident to an estate. Tex. Prob.
Code Ann. § 5(f) (Vernon 2003); see Bailey v. Cherokee County Appraisal Dist., 862
S.W.2d 581, 585 (Tex. 1993). In proceedings in statutory county courts, the phrase
“incident to an estate” includes “all claims by or against an estate, all actions for trial of title
to land incident to an estate” and “generally all matters relating to the settlement, partition,
and distribution of estates of deceased persons.” Tex. Prob. Code Ann. § 5A(a) (Vernon
2003).
          Conversely, a district court in Texas is a court of general jurisdiction. Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). The Texas Constitution provides
that the jurisdiction of a district court “consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive,
appellate, or original jurisdiction may be conferred by this Constitution or other law on
some other court, tribunal, or administrative body.” Tex. Const. art. V, § 8. By statute,
district courts have “the jurisdiction provided by Article V, Section 8, of the Texas
Constitution,” Tex. Gov’t Code Ann. § 24.007 (Vernon 1988), and “may hear and
determine any cause that is cognizable by courts of law or equity and may grant any relief
that could be granted by either courts of law or equity.” Tex. Gov’t Code Ann. § 24.008
(Vernon 1988). For “courts of general jurisdiction, . . . the presumption is that they have
subject matter jurisdiction unless a showing can be made to the contrary.” Dubai, 12
S.W.3d at 75 (quoting 13 Charles Alan Wright & Arthur R. Miller, Federal Practice
and Procedure § 3522 (1984)). In addition, district courts generally have exclusive
jurisdiction to determine title to real property. See Tex. Const. art. V, § 8; Tex. Gov’t Code
Ann. § 26.043 (Vernon 1988); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex.
App.–Corpus Christi 1998, no pet.).
          Enriqueta’s will was filed for probate on March 29, 2001, in the County Court at Law
Number One of Nueces County, Texas. The terms of the will provided for an independent
administration and appointed appellee as the independent executor. The will specifically
invoked the language of section 145(b) of the probate code, which provides:
Any person capable of making a will may provide in his will that no other
action shall be had in the county court in relation to the settlement of his
estate than the probating and recording of his will, and the return of an
inventory, appraisement, and list of claims of his estate.
 
Tex. Prob. Code Ann. § 145(b) (Vernon 2003). After the will was filed in the statutory
county court, appellee learned that the estate’s asset had been conveyed by Juanita to her
husband and herself. Upon learning of this unilateral transfer by Juanita, appellee, in his
capacity as the independent executor, filed his breach of fiduciary duty and trespass to try
title claims in the 148th District Court of Nueces County, Texas. Appellants contend that
since Enriqueta’s will was filed for probate in the statutory county court in Nueces County,
the district court did not have jurisdiction over appellee’s claims.
          While the probate code grants jurisdiction of matters incident to an estate in all
courts exercising original probate jurisdiction, see Tex. Prob. Code Ann. § 5(f) (Vernon
2003), the grant of such jurisdiction is not exclusive, and neither sections 5 nor 5A of the
probate code have stripped the district court of jurisdiction granted that court by other
provisions of the constitution and statutes. Carroll v. Carroll, 893 S.W.2d 62, 66 (Tex.
App.–Corpus Christi 1994, no writ); see Green v. Watson, 860 S.W.2d 238, 242 (Tex.
App.–Austin 1993, no writ); Smith v. Smith, 694 S.W.2d 426, 430 (Tex. App.–Tyler 1985,
writ ref’d n.r.e.). Further, the probate code grants the district court concurrent jurisdiction
with a statutory probate court in all actions by or against a person in the person’s capacity
as a personal representative. Tex. Prob. Code Ann. § 5(e) (Vernon 2003).
          We recognize that pursuant to section 5(f) of the probate code the statutory county
court has the power to hear actions for trial of title to land incident to an estate. See
Goodwin v. Kent, 745 S.W.2d 466, 469 (Tex. App.–Tyler 1988, orig. proceeding) (citing
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 812 (Tex. 1983)). However, we conclude
that in this matter the statutory county court did not have dominant jurisdiction over the
dispute because no petition had been filed raising the issue involving these parties. Id.
          Accordingly, we hold that the present suit was not beyond the jurisdiction of the
district court. We overrule appellants’ first issue.
C. Construction of Durable Power of Attorney
          In their second and third issues, appellants contend the trial court erred in
construing the durable power of attorney, and in setting aside the warranty deed and
related trust.
          The supreme court has set forth the following two rules of construction regarding
powers of attorney:
          1.       The meaning of general words in the instrument will be restricted by
the context, and construed accordingly; and
 
          2.       The authority will be construed strictly, so as to exclude the exercise
of any power which is not warranted, either by the actual terms used,
or as a necessary means of executing the authority with effect.
 
Gouldy v. Metcalf, 75 Tex. 455, 12 S.W. 830, 831 (1889); see Avis v. First Nat’l Bank, 141
Tex. 489, 497, 174 S.W.2d 255, 259 (1943); Frost v. Erath Cattle Co., 81 Tex. 505, 17
S.W. 52, 54 (1891) (Powers of attorney, unlike deeds and wills, are to be strictly
construed.). The nature and extent of the authority granted must be ascertained from the
instrument granting the power of attorney. First Nat’l Bank v. Kinabrew, 589 S.W.2d 137,
145 (Tex. Civ. App.–Tyler 1979, writ ref’d n.r.e.).
          In the instant case, the preamble to the power of attorney provides:
That I, Enriqueta Campos Marroquin, of Nueces County, Texas, do hereby
make, constitute, and appoint Ray Marroquin, of Nueces County, Texas, and
Juanita M. Musquiz, of Pasadena, Harris County, Texas, my true and lawful
Attorneys-in-Fact, with full power to do any and every act and exercise any
and every power that I might or could do or exercise through any other
person and that my Attorney-in-Fact, in such Attorney-in-Fact’s discretion,
shall deem proper and advisable, intending hereby to vest in my Attorney-in-Fact a full and universal power of attorney, and not by way of limitation but
as illustration, with full power to . . . .
 
The plain, unambiguous language in the power of attorney provides for the appointment
of two attorneys-in-fact: Ray Marroquin and Juanita M. Musquiz, conjunctively and equally. 
By contrast, the power of attorney does not establish a joint and several agency. Thus, the
presumption is one of joint agency.
If a principal invests two or more individuals with authority to represent it in
a particular transaction, it is ordinarily presumed that such authority was thus
conferred because of special and personal considerations, so that the
principal might obtain the benefit of the combined experience, discretion, and
ability of such persons. Accordingly, unless it appears that the principal’s
intention was otherwise, as a general rule the powers invested by the
principal in such agents must be jointly exercised by all of them, and may not
be exercised by less than all of them.
 
3 Tex. Jur. 3d Agency § 80 (1996); see Unterberg v. Elder, 211 N.Y. 499, 105 N.E. 834,
834 (1914); 3 C.J.S. Agency § 491 (1973).
          Bound by the rules of construction set forth in Gouldy, we conclude that the
language of the power of attorney does not affirmatively establish a joint and several
agency. See Gouldy, 12 S.W. at 831. Thus, we hold the trial court did not err in its
construction of the power of attorney. Further, we hold the trial court did not err in setting
aside, as null and void, the: (1) contract for deed; (2) warranty deed; (3) Marroquin Family
Trust; and (4) release. Appellant’s second and third issues are overruled.
D. Loss of Rent and Attorney’s Fees
          In their fourth issue, appellants contend the trial court erred in awarding damages
for loss of rent and attorney’s fees when the record contains no evidence in support of
such findings.
          In a nonjury trial, where no findings of fact or conclusions of law are filed or
requested, it is implied that the trial court made all the necessary findings to support its
judgment. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). When the appellate
record includes the reporter’s and clerk’s records, these implied findings are not conclusive
and may be challenged for legal and factual sufficiency in the appropriate appellate court. 
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).
          In reviewing a “no evidence” or legal sufficiency of the evidence issue, we must view
the evidence in a light that tends to support the finding and disregard all evidence and
inferences to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). If there
is more than a scintilla of evidence to support the finding, the no evidence challenge fails. 
Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84 (Tex. 1992). In reviewing the factual
sufficiency of the evidence, we examine all of the evidence, both the evidence that
supports the finding and the evidence that controverts the finding. Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996). We will set aside the finding only if it is so against the great
weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. 
Id.
 
1. Damages for Lost Rent
          The plaintiff in a trespass to try title suit may recover rents or damages incurred from
loss of the use of land. Tex. R. Civ. P. 783(f); see City of Austin v. Teague, 570 S.W.2d
389, 394 (Tex. 1978) (loss of rentals is appropriate measure of damages for temporary
loss of use of land); Parker v. McGinnes, 594 S.W.2d 550, 552 (Tex. Civ. App.–Waco
1980, no writ) (same).
          In its judgment, the trial court found that the fair and reasonable rental value of the
property, calculated from the date of Enriqueta’s death, was $7,000. At trial, appellee
testified he believed the reasonable rental value of the property was $500 per month. 
Thus, there is more than a scintilla of evidence in the record to support the trial court’s
finding regarding the reasonable rental value of the property. In addition, although
appellee admitted to not assessing the rental values of surrounding properties, appellants
offered no controverting evidence to dispute appellee’s testimony. We conclude the trial
court’s finding is not so against the great weight and preponderance of the evidence that
it is clearly wrong and manifestly unjust. Accordingly, we hold the evidence is legally and
factually sufficient to support the amount found by the trial court to be the fair and
reasonable rental value of the property.
2. Attorney’s Fees
          As a general rule, the burden of proof on attorney’s fees is on the party seeking to
recover the fees. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991);
Clements v. Corbin, 891 S.W.2d 276, 281 (Tex. App.–Corpus Christi 1994, writ denied). 
To recover attorney’s fees, a party must prove entitlement by contract or statute. Holland
v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999). Because recovery of attorney’s fees
is adverse to the common law and is penal in nature, statutes providing for such recovery
must be strictly construed. See New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d
914, 915 (Tex. 1967).
          Any suit that involves a dispute over the title to land is, in effect, an action in
trespass to try title, whatever its form. Bell v. State Dep’t of Highways & Pub. Transp., 945
S.W.2d 292, 294 (Tex. App.–Houston [1st Dist.] 1997, writ denied). Attorney’s fees are not
recoverable when the real essence of the suit is one in trespass to try title. Southwest
Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture, 981 S.W.2d 951, 957 (Tex. App.–Houston
[1st Dist.] 1998, pet. denied). Additionally, attorney’s fees may not be awarded for a
breach of fiduciary duty claim. Maeberry v. Gayle, 955 S.W.2d 875, 881 (Tex.
App.–Corpus Christi 1997, no pet.) (en banc).
          Here, the trial court awarded appellee the sum of $4,000 for fair and reasonable
attorney’s fees. Appellee filed this suit under breach of fiduciary duty and trespass to try
title theories. Neither of these actions allows for the recovery of attorney’s fees. See Tex.
Prop. Code Ann. § 22.001-.045 (Vernon 2000) (attorney’s fees not recoverable under
statutes governing trespass to try title); Southwest Guar. Trust Co., 981 S.W.2d at 957;
Maeberry, 955 S.W.2d at 881. Accordingly, appellee was not entitled to recover attorney’s
fees on any of his causes of action. We hold the trial court erred in awarding attorney’s
fees to appellee.
          We overrule that portion of appellants’ fourth issue regarding damages for lost rent. 
We sustain that portion of appellants’ fourth issue regarding attorney’s fees.
          The judgment of the trial court is modified to delete the award of attorney’s fees to
appellee. As modified, the trial court’s judgment is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Opinion delivered and filed this the
8th day of January, 2004.