**Clinton R. HARDY and Karen Phelps as Next Friend of Anthony C. Hardy, Appellants,**

**v.**

**Vera Charlene ROBINSON, Appellee.**

No. 10–04–00344–CV.

Court of Appeals of Texas, Waco.

July 20, 2005.

Timothy O. Ketchersid, Timothy O'Hare & Associates, Dallas, for appellants.

Clay Lewis Jenkins, Jenkins & Jenkins PC, Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Anthony Hardy ("Anthony") contracted Hepatitis A from eating tainted food at a Jack–in–the–Box. He sued Jack–in–the–Box for personal injuries ("Lawsuit"). His health deteriorated, and on the day he died, he signed a statutory durable power of attorney. The trial court held that this statutory durable power of attorney created a trust, which was funded with the

Lawsuit, and recognized Anthony's sons as beneficiaries and his sister (Vera Charlene Robinson) as the trustee. Anthony's son, Clinton R. Hardy,[1] and Karen Phelps (Hardy's ex-wife), as next friend of Anthony C. Hardy, a minor, appeal the trial court's judgment in four issues: (1) whether the trial court should have strictly construed the statutory durable power of attorney; (2) whether the evidence is legally sufficient to support the trial court's finding that Anthony orally transferred the Lawsuit to a trust; (3) whether a trust in personal property (particularly a cause of action) may be created verbally by transfer of the personal property to a trustee; and (4) whether Appellants received insufficient notice of trial.

We will reverse the judgment and will render judgment that Anthony did not transfer his rights in the Lawsuit to Robinson, he did not express an intent to create a trust, and he did not create an oral trust or a written trust.

## BACKGROUND

Anthony filed the Lawsuit against Jack-in-the-Box in Henderson County. As his health deteriorated, he considered hospice care. A nurse gave him a form for a statutory durable power of attorney to help with transfer to hospice. He signed the power of attorney and named Robinson as his agent.

The document is entitled "STATUTORY DURABLE POWER OF ATTORNEY" and begins with a notice:

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, CHAPTER XII, TEXAS PROBATE CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

Anthony did not cross-out any of the powers listed in this power of attorney. The document includes the following section:

## SPECIAL INSTRUCTIONS:

. . .

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

*It is my desire to continue with the lawsuit against Jack–in–the–Box where I am represented by Jenkins & Jenkins. Proceeds from any settlement or payments for injury should be placed in trust for the benefit of my sons Clinton R. Hardy and Anthony C. Hardy. It is my desire that my sister, Vera Charlene Robinson be appointed trustee of the trust to benefit my sons.*[2]

Anthony died on the same day that he signed the document.

The trial court's judgment held (1) a trust was created, (2) the beneficiaries are Anthony C. Hardy and Clinton R. Hardy, (3) the trustee is Vera Charlene Robinson, and (4) the property of the trust is the cause of action owned by Hardy at his death and brought in the 3rd Judicial District in and for Henderson County, Texas,

---

1. Clinton Hardy was a minor but has attained age 18.

2. This underlined portion was dictated by Hardy and handwritten by Robinson.

entitled *Bennett, et al. v. Jack in the Box Inc.*, No. 02–270.

## ISSUE ONE:

### CONSTRUCTION OF STATUTORY DURABLE POWER OF ATTORNEY

Appellants essentially argue that the trial court should have strictly construed the statutory durable power of attorney and considered the "special instructions" along with the other provisions of the power of attorney to find that Anthony did not create a trust. They argue that the special instructions were both an expansion and limitation on Robinson's powers as an agent.

■ Robinson argues that strict construction is only required to determine the scope of an agent's powers. She argues that the special instructions in the power of attorney are sufficient to create a trust.

■ The Supreme Court has set forth the following two rules of construction regarding powers of attorney: (1) the meaning of general words in the instrument will be restricted by the context, and construed accordingly; and (2) the authority will be construed strictly, so as to exclude the exercise of any power which is not warranted, either by the actual terms used, or as a necessary means of executing the authority with effect. *Gouldy v. Metcalf,* 75 Tex. 455, 12 S.W. 830, 831 (1889); *see also Avis v. First Nat'l Bank,* 141 Tex. 489, 174 S.W.2d 255, 259 (1943); *Frost v. Erath Cattle Co.,* 81 Tex. 505, 17 S.W. 52, 54 (1891) (powers of attorney, unlike deeds and wills, are to be strictly construed).[3] The nature and extent of the authority granted must be ascertained from the instrument granting the power of attorney.

*First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 145 (Tex.Civ.App.-Tyler 1979, writ ref'd n.r.e.).

The Durable Power of Attorney Act (the Act) states that a "durable power of attorney" means a written instrument that:

(1) designates another person as attorney in fact or agent;

(2) is signed by an adult principal;

(3) contains the words "This power of attorney is not affected by subsequent disability or incapacity of the principal," or "This power of attorney becomes effective on the disability or incapacity of the principal," or similar words showing the principal's intent that the authority conferred on the attorney in fact or agent shall be exercised notwithstanding the principal's subsequent disability or incapacity; and

(4) is acknowledged by the principal before an officer authorized to take acknowledgments to deeds of conveyance and to administer oaths under the laws of this state or any other state.

Tex. Prob.Code Ann. § 482 (Vernon 2003). A statutory durable power of attorney is a form promulgated by the Act that may be used to grant an attorney-in-fact or agent powers with respect to a person's property and financial matters. *Id.* § 490(a) (Vernon 2003). A power of attorney substantially in the statutory form has the meaning and effect prescribed by the Act. *Id.* "The validity of a power of attorney as meeting the requirements of a statutory durable power of attorney is not affected by the fact that one or more of the categories of optional powers listed in the form are struck or the form includes specific limitations on or additions to the attorney in fact's or agent's powers." *Id.*

---

**3.** We reject Robinson's argument to apply the standard used by the Supreme Court in *Perfect Union Lodge No. 10, A.F. and A.M. San Antonio v. Interfirst Bank of San Antonio, N.A.,* 748 S.W.2d 218 (Tex.1998), because the Supreme Court was construing a will.

The power of an attorney-in-fact or agent terminates upon the death of the principal. *Id.* §§ 486(a), 487(a) (Vernon 2003).

Section 500 of the Act confers general authority with respect to claims and litigation. *Id.* § 500 (Vernon 2003). Section 499 empowers the attorney-in-fact or agent to act for the principal in all matters that affect an already existing trust. *Id.* § 499 (Vernon 2003); *see also Ritter v. Till,* 2005 Tex.App. LEXIS 2108, *15 (Tex. App.-Houston [14th Dist.] Mar. 15, 2005, no pet. h.) (an agent acting under a power of attorney cannot have the requisite intent to create a trust; the power under section 499 does not appear to allow the agent to create a trust and transfer property to it).

We find that the document Anthony signed on the day he died is a statutory durable power of attorney because: (1) it designates Robinson as his agent (attorney-in-fact); (2) is signed by an adult principal (Anthony); (3) states that "this power of attorney is not affected by my subsequent disability or incapacity"; and (4) was acknowledged before a notary. *See id.* § 482. Thus, we must follow the Supreme Court and strictly construe this document. *See Gouldy,* 12 S.W. at 831.

■ Because we must strictly construe Anthony's statutory durable power of attorney, we read the language in the special instructions as an expansion of power granted to Robinson, *i.e.,* a power to create a trust from any proceeds of the Lawsuit, which Robinson would not otherwise be entitled to exercise under section 499. *See* Tex. Prob.Code Ann. § 499; *see also Ritter,* 2005 Tex.App. LEXIS 2108, at *15. We interpret the first sentence of the special instructions as naming a specific lawsuit that Robinson would have the power to pursue as Anthony's agent under the power of attorney and section 500. *See*

Tex. Prob.Code Ann. § 500. When we strictly construe the power of attorney, we find that Anthony did not create a trust with the language he used in the special instructions.

We sustain issue one and render judgment that Anthony Hardy did not create a trust in the statutory durable power of attorney he signed on the day he died.

## ISSUE TWO: LEGAL SUFFICIENCY OF ORAL TRANSFER

■ A no-evidence point must and can only be sustained when the record reveals: (1) a complete absence of evidence of a vital fact; (2) rules of law or rules of evidence bar the appellate court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence conclusively establishes the opposite of a vital fact. *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990) (citing Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361, 362–63 (1960)). We must credit favorable evidence if reasonable fact finders could, and disregard contrary evidence unless reasonable fact finders could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). Generally, if the court of appeals sustains a "no evidence" point, it is the court's duty to render judgment for appellant. *Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176, 176 (Tex.1986) (quoting *Nat'l Life Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969)).

■ Appellants argue that there is no evidence of a verbal transfer of the rights in the Lawsuit from Hardy to Robinson. Robinson argues that Anthony orally transferred his rights in the Lawsuit to her as trustee.

The trial court made specific findings of facts that (1) Anthony verbally transferred all rights in the Lawsuit to Robinson to be held in trust for the benefit of his sons; and (2) Robinson accepted title to all rights Anthony had in the Lawsuit to be held in trust for the benefit of Anthony's sons.

Robinson's testimony indicates that she understood the power of attorney to convey the Lawsuit to her to hold in trust for his sons. This is not evidence to support the trial court's conclusion that Anthony then transferred his rights in the Lawsuit to Robinson. *See Juliette Fowler,* 793 S.W.2d at 666 n. 9. Thus, we find the evidence legally insufficient to support the trial court's findings.

■ We sustain issue two and render judgment that Anthony Hardy did not verbally transfer his rights in the Lawsuit to Robinson.[4]

### ISSUE THREE: ORAL TRANSFER OF CAUSE OF ACTION

■ At issue here is the trial court's conclusion of law: "A trust in personal property may be also created verbally by the transfer of the trust property to a trustee who is neither settlor nor beneficiary if the transferor expresses simultaneously with or prior to the transfer the intention to create a trust."

Appellants essentially argue that the trial court found an oral trust based on its finding that Anthony verbally transferred all rights in the Lawsuit to Robinson to be held in trust for the benefit of his sons.

They also argue that a writing is required to transfer a cause of action.

Robinson argues that a trust may be created through the oral transfer of personal property, and a cause of action is personal property.

A trust in either real or personal property is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor or settlor's authorized agent. TEX. PROP.CODE ANN. § 112.004 (Vernon 1995). However, a trust consisting of personal property is enforceable if it is created by "a transfer of the trust property to a trustee who is neither settlor nor beneficiary if the transferor expresses simultaneously with or prior to the transfer the intention to create a trust." *Id.* § 112.004(1). The definition of property includes "choses in action, claims, and contract rights." *Id.* § 111.004(12) (Vernon Supp.2004–05). The Property Code requires a writing for the sale of a cause of action. *Id.* § 12.014 (Vernon 2004).

The Lawsuit is personal property. Thus, Anthony created an oral trust if: (1) he transferred the Lawsuit to Robinson; (2) Robinson would not be the settlor or a beneficiary; and (3) he expressed his intention to create a trust simultaneously with, or prior to, the transfer. *Id.* § 112.004(1). First, Robinson would not be the settlor or a beneficiary of the alleged trust. Second, regarding Anthony's intention to create a trust, Robinson testified that the only thing Anthony said to her with regard to the trust is what he stated in the special instructions. We find

---

4. In addition, we note that there is no evidence in the record that the Lawsuit can even be transferred. To determine if a lawsuit can be transferred, we must look at: (1) the words of the statute; (2) the purpose of the statute to determine whether assignment of claims is consistent with its goals; (3) related common law principles; and (4) whether assignment may increase or distort the litigation. *PPG*

*Indus., Inc. v. JMB/Houston Centers Partners Ltd. Partnership,* 146 S.W.3d 79, 83–92 (Tex. 2004) (finding DTPA claim was not assignable from the aggrieved consumer to someone else due to the personal and punitive nature of the claim); and cases cited therein. Robinson has provided no evidence of the claims asserted in the Lawsuit.

that this language does not evidence an intent to create a trust—it evidences Anthony's intent to give Robinson the power to create a trust, as his agent under the power of attorney, with any proceeds realized from the Lawsuit. Lastly, we have already concluded that Anthony did not verbally transfer the Lawsuit to Robinson. Thus, we sustain issue three and render judgment that (1) the special instructions in Anthony Hardy's statutory durable power of attorney did not evidence his intent to create a trust; and (2) Anthony Hardy did not create an oral trust.

## CONCLUSION

Having sustained issues one, two, and three, we need not address Appellant's fourth issue concerning notice of trial. We reverse the judgment and render judgment that (1) Anthony Hardy did not create a trust by the statutory durable power of attorney he signed on the day he died; (2) Anthony Hardy did not verbally transfer his rights in the Lawsuit to Robinson; (3) the special instructions in Anthony Hardy's statutory durable power of attorney did not evidence his intent to create a trust; and (4) Anthony Hardy did not create an oral trust.