IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00344-CV

 

Clinton R. Hardy and 

Karen Phelps as Next Friend

of Anthony C. Hardy,

                                                                      Appellants

 v.

 

Vera Charlene Robinson,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 67690

 



O p i n i o n



 

Anthony Hardy (“Anthony”) contracted
Hepatitis A from eating tainted food at a Jack-in-the-Box.  He sued
Jack-in-the-Box for personal injuries (“Lawsuit”).  His health deteriorated,
and on the day he died, he signed a statutory durable power of attorney.  The
trial court held that this statutory durable power of attorney created a trust,
which was funded with the Lawsuit, and recognized Anthony’s sons as
beneficiaries and his sister (Vera Charlene Robinson) as the trustee.  Anthony’s
son, Clinton R. Hardy,[1]
and Karen Phelps (Hardy’s ex-wife), as next friend of Anthony C. Hardy, a
minor, appeal the trial court’s judgment in four issues: (1) whether the trial
court should have strictly construed the statutory durable power of attorney;
(2) whether the evidence is legally sufficient to support the trial court’s
finding that Anthony orally transferred the Lawsuit to a trust; (3) whether a
trust in personal property (particularly a cause of action) may be created
verbally by transfer of the personal property to a trustee; and (4) whether Appellants
received insufficient notice of trial.

We will reverse the judgment and
will render judgment that Anthony did not transfer his rights in the Lawsuit to
Robinson, he did not express an intent to create a trust, and he did not create
an oral trust or a written trust.

BACKGROUND

Anthony filed the Lawsuit against
Jack-in-the-Box in Henderson County.  As his health deteriorated, he considered
hospice care.  A nurse gave him a form for a statutory durable power of attorney
to help with transfer to hospice.  He signed the power of attorney and named
Robinson as his agent.

The document is entitled “STATUTORY
DURABLE POWER OF ATTORNEY” and begins with a notice:

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE
BROAD AND SWEEPING.  THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT,
CHAPTER XII, TEXAS PROBATE CODE.  IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS,
OBTAIN COMPETENT LEGAL ADVICE.  THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE
MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU.  YOU MAY REVOKE THIS POWER OF
ATTORNEY IF YOU LATER WISH TO DO SO.

 

Anthony did not cross-out any of the
powers listed in this power of attorney.  The document includes the following
section:

SPECIAL INSTRUCTIONS:

 

. . .

 

ON THE FOLLOWING LINES YOU MAY
GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR
AGENT.

 

It is my desire to continue with the lawsuit
against Jack-in-the-Box where I am represented by Jenkins & Jenkins. 
Proceeds from any settlement or payments for injury should be placed in trust
for the benefit of my sons Clinton R. Hardy and Anthony C. Hardy.  It is my
desire that my sister, Vera Charlene Robinson be appointed trustee of the trust
to benefit my sons.[2]

 

Anthony died on the same day that he signed the
document.

The trial court’s judgment held (1) a
trust was created, (2) the beneficiaries are Anthony C. Hardy and Clinton R.
Hardy, (3) the trustee is Vera Charlene Robinson, and (4) the property of the
trust is the cause of action owned by Hardy at his death and brought in the 3rd
Judicial District in and for Henderson County, Texas, entitled Bennett, et
al. v. Jack in the Box Inc., No. 02-270.

ISSUE ONE:

CONSTRUCTION OF STATUTORY DURABLE POWER OF
ATTORNEY

 

Appellants essentially argue that
the trial court should have strictly construed the statutory durable power of
attorney and considered the “special instructions” along with the other
provisions of the power of attorney to find that Anthony did not create a trust. 
They argue that the special instructions were both an expansion and limitation
on Robinson’s powers as an agent.

Robinson argues that strict
construction is only required to determine the scope of an agent’s powers.  She
argues that the special instructions in the power of attorney are sufficient to
create a trust.

The Supreme Court has set forth the
following two rules of construction regarding powers of attorney: (1) the
meaning of general words in the instrument will be restricted by the context,
and construed accordingly; and (2) the authority will be construed strictly, so
as to exclude the exercise of any power which is not warranted, either by the
actual terms used, or as a necessary means of executing the authority with
effect.  Gouldy v. Metcalf, 75 Tex. 455, 12 S.W. 830, 831 (1889); see
also Avis v. First Nat'l Bank, 141 Tex. 489, 174 S.W.2d 255, 259 (1943); Frost
v. Earth Cattle Co., 81 Tex. 505, 17 S.W. 52, 54 (1891) (powers of
attorney, unlike deeds and wills, are to be strictly construed).[3] 
The nature and extent of the authority granted must be ascertained from the
instrument granting the power of attorney.  First Nat'l Bank v. Kinabrew,
589 S.W.2d 137, 145 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.).

The Durable Power of Attorney Act (the
Act) states that a “durable power of attorney” means a written instrument that:

 (1) designates
another person as attorney in fact or agent;

 (2) is signed
by an adult principal;

 (3) contains the words “This
power of attorney is not affected by subsequent disability or incapacity of the
principal,” or “This power of attorney becomes effective on the disability or
incapacity of the principal,” or similar words showing the principal's intent
that the authority conferred on the attorney in fact or agent shall be
exercised notwithstanding the principal's subsequent disability or incapacity;
and

 

 (4) is acknowledged by the
principal before an officer authorized to take acknowledgments to deeds of
conveyance and to administer oaths under the laws of this state or any other
state.

 

Tex. Prob. Code Ann. § 482 (Vernon 2003).  A statutory durable
power of attorney is a form promulgated by the Act that may be used to grant an
attorney-in-fact or agent powers with respect to a person’s property and
financial matters.  Id. § 490(a) (Vernon 2003).  A power of attorney
substantially in the statutory form has the meaning and effect prescribed by
the Act.  Id.  “The validity of a power of attorney as meeting the
requirements of a statutory durable power of attorney is not affected by the
fact that one or more of the categories of optional powers listed in the form
are struck or the form includes specific limitations on or additions to the
attorney in fact’s or agent’s powers.”  Id.

The power of an attorney-in-fact or
agent terminates upon the death of the principal.  Id. §§ 486(a), 487(a)
(Vernon 2003).

Section 500 of the Act confers
general authority with respect to claims and litigation.  Id. § 500
(Vernon 2003).  Section 499 empowers the attorney-in-fact or agent to act for
the principal in all matters that affect an already existing trust.  Id. § 499 (Vernon 2003); see also Ritter v. Till, 2005 Tex. App. LEXIS 2108,
*15 (Tex. App.—Houston [14th Dist.] Mar. 15, 2005, no pet. h.) (an agent acting
under a power of attorney cannot have the requisite intent to create a trust;
the power under section 499 does not appear to allow the agent to create a
trust and transfer property to it).

We find that the document Anthony
signed on the day he died is a statutory durable power of attorney because: (1)
it designates Robinson as his agent (attorney-in-fact); (2) is signed by an
adult principal (Anthony); (3) states that “this power of attorney is not
affected by my subsequent disability or incapacity”; and (4) was acknowledged
before a notary.  See id. § 482.  Thus, we must follow the Supreme Court
and strictly construe this document.  See Gouldy, 12 S.W. at 831.

Because we must strictly construe
Anthony’s statutory durable power of attorney, we read the language in the
special instructions as an expansion of power granted to Robinson, i.e.,
a power to create a trust from any proceeds of the Lawsuit, which Robinson
would not otherwise be entitled to exercise under section 499.  See Tex. Prob. Code Ann. § 499; see also
Ritter, 2005 Tex. App. LEXIS 2108, at *15.  We interpret the first sentence
of the special instructions as naming a specific lawsuit that Robinson would
have the power to pursue as Anthony’s agent under the power of attorney and
section 500.  See Tex. Prob. Code
Ann. § 500.  When we strictly construe the power of attorney, we find
that Anthony did not create a trust with the language he used in the special
instructions.

We sustain issue one and render
judgment that Anthony Hardy did not create a trust in the statutory durable
power of attorney he signed on the day he died.

ISSUE TWO: LEGAL SUFFICIENCY OF ORAL TRANSFER

A no-evidence point must and can only be
sustained when the record reveals: (1) a complete absence of evidence of a
vital fact; (2) rules of law or rules of evidence bar the appellate court from
giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; and
(4) the evidence conclusively establishes the opposite of a vital fact.  Juliette
Fowler Homes, Inc. v. Welch Assocs., Inc., 793 S.W.2d 660, 666 n.9 (Tex. 1990) (citing Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex.
L. Rev. 361, 362‑63 (1960)).  We must credit favorable evidence if
reasonable fact finders could, and disregard contrary evidence unless
reasonable fact finders could not.  City of Keller v. Wilson, 48 Tex. Sup. Ct. J. 848, 863 (Tex. June 10, 2005).  Generally, if the court of appeals
sustains a “no evidence” point, it is the court's duty to render judgment for
appellant.  Vista Chevrolet, Inc. v. Lewis, 709 S.W.2d 176, 176 (Tex. 1986) (quoting Nat’l Life Accident Ins. Co. v. Blagg, 438 S.W.2d 905, 909 (Tex. 1969)).








Appellants argue that there is no
evidence of a verbal transfer of the rights in the Lawsuit from Hardy to
Robinson.  Robinson argues that Anthony orally transferred his rights in the
Lawsuit to her as trustee.

The trial court made specific
findings of facts that (1) Anthony verbally transferred all rights in the
Lawsuit to Robinson to be held in trust for the benefit of his sons; and (2)
Robinson accepted title to all rights Anthony had in the Lawsuit to be held in
trust for the benefit of Anthony’s sons.

Robinson’s testimony indicates that
she understood the power of attorney to convey the Lawsuit to her to hold in
trust for his sons.  This is not evidence to support the trial court’s
conclusion that Anthony then transferred his rights in the Lawsuit to
Robinson.  See Juliette Fowler, 793 S.W.2d at 666 n.9.  Thus, we find
the evidence legally insufficient to support the trial court’s findings.

We sustain issue two and render
judgment that Anthony Hardy did not verbally transfer his rights in the Lawsuit
to Robinson.[4]

ISSUE THREE: ORAL TRANSFER OF CAUSE OF ACTION

At issue here is the trial court’s
conclusion of law: “A trust in personal property may be also created verbally
by the transfer of the trust property to a trustee who is neither settlor nor
beneficiary if the transferor expresses simultaneously with or prior to the
transfer the intention to create a trust.”

Appellants essentially argue that
the trial court found an oral trust based on its finding that Anthony verbally
transferred all rights in the Lawsuit to Robinson to be held in trust for the
benefit of his sons.  They also argue that a writing is required to transfer a
cause of action.

Robinson argues that a trust may be
created through the oral transfer of personal property, and a cause of action
is personal property.

A trust in either real or personal
property is enforceable only if there is written evidence of the trust’s terms
bearing the signature of the settlor or settlor’s authorized agent.  Tex. Prop. Code Ann. § 112.004 (Vernon 1995).  However, a trust consisting of personal property is enforceable if it is
created by “a transfer of the trust property to a trustee who is neither
settlor nor beneficiary if the transferor expresses simultaneously with or
prior to the transfer the intention to create a trust.”  Id. §
112.004(1).  The definition of property includes “choses in action, claims, and
contract rights.”  Id. § 111.004(12) (Vernon Supp. 2004-05).  The
Property Code requires a writing for the sale of a cause of action.  Id. § 12.014 (Vernon 2004).

The Lawsuit is personal property. 
Thus, Anthony created an oral trust if: (1) he transferred the Lawsuit to
Robinson; (2) Robinson would not be the settlor or a beneficiary; and (3) he
expressed his intention to create a trust simultaneously with, or prior to, the
transfer.  Id. § 112.004(1).  First, Robinson would not be the settlor or
a beneficiary of the alleged trust.  Second, regarding Anthony’s intention to
create a trust, Robinson testified that the only thing Anthony said to her with
regard to the trust is what he stated in the special instructions.  We find
that this language does not evidence an intent to create a trust—it evidences
Anthony’s intent to give Robinson the power to create a trust, as his agent
under the power of attorney, with any proceeds realized from the Lawsuit.  Lastly,
we have already concluded that Anthony did not verbally transfer the Lawsuit to
Robinson.  Thus, we sustain issue three and render judgment that (1) the
special instructions in Anthony Hardy’s statutory durable power of attorney did
not evidence his intent to create a trust; and (2) Anthony Hardy did not create
an oral trust.

CONCLUSION

Having sustained issues one, two,
and three, we need not address Appellant’s fourth issue concerning notice of
trial.  We reverse the judgment and render judgment that (1) Anthony Hardy did
not create a trust by the statutory durable power of attorney he signed on the
day he died; (2) Anthony Hardy did not verbally transfer his rights in the
Lawsuit to Robinson; (3) the 
special instructions in Anthony Hardy’s statutory durable power of attorney did
not evidence his intent to create a trust; and (4) Anthony Hardy did not create
an oral trust.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and rendered 

Opinion delivered and
filed July 20, 2005

[CV06]









    [1]       Clinton
Hardy was a minor but has attained age 18.





    [2]       This
underlined portion was dictated by Hardy and handwritten by Robinson.





    [3]       We
reject Robinson’s argument to apply the standard used by the Supreme Court in Perfect
Union Lodge No. 10, A.F. and A.M. San Antonio v. Interfirst Bank of San
Antonio, N.A., 748 S.W.2d 218 (Tex. 1998), because the Supreme Court was
construing a will.





    [4]     In addition, we note that there
is no evidence in the record that the Lawsuit can even be transferred.  To
determine if a lawsuit can be transferred, we must look at: (1) the words of
the statute; (2) the purpose of the statute to determine whether assignment of
claims is consistent with its goals; (3) related common law principles; and (4)
whether assignment may increase or distort the litigation.  PPG Indus., Inc.
v. JMB/Houston Centers Partners Ltd. Partnership, 146 S.W.3d 79, 83-92 (Tex. 2004) (finding DTPA claim was not assignable from the aggrieved consumer to someone
else due to the personal and punitive nature of the claim); and cases cited
therein.  Robinson has provided no evidence of the claims asserted in the
Lawsuit.